No. 23-_____

# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

MONICA ZORTEA,

*Plaintiff-Respondent,*

v.

SAMSUNG ELECTRONICS AMERICA, INC.,

*Defendant-Petitioner.*

On Petition for Permission to Appeal from the United States District Court for the Western District of Pennsylvania, No. 2:22-cv-1309, the Hon. Cathy Bissoon

## SAMSUNG ELECTRONICS AMERICA, INC.'s PETITION FOR PERMISSION TO APPEAL PURSUANT TO 28 U.S.C. § 1453(c)

Michael J. Mueller
Ryan P. Phair
Samuel J. Thomas
Nicholas S. Drews
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Ave NW
Washington, DC 20037-1701
(202) 955-1500

Thomas R. Waskom
HUNTON ANDREWS KURTH LLP
951 East Byrd Street
Richmond, VA 23219-4074
(804) 788-8200

Michael A. Comber
S. Wesley Gorman
REISINGER COMBER & MILLER, LLC
436 Seventh Avenue
Pittsburgh, PA 15219
(412) 894-1380

February 24, 2023        *Counsel for Defendant-Petitioner*

## CORPORATE DISCLOSURE STATEMENT AND
## STATEMENT OF FINANCIAL INTEREST

Pursuant to Federal Rule of Appellate Procedure 26.1 and Third Circuit LAR 26.1, Samsung Electronics America, Inc. ("SEA") makes the following disclosure:

1.     For non-governmental corporate parties please list all parent corporations:

SEA is a wholly owned, indirect subsidiary of Samsung Electronics Co., Ltd. ("SEC").

2.     For non-governmental corporate parties please list all publicly held companies that hold 10% or more of the party's stock:

SEC is a publicly held company and no other publicly traded company has more than a 10% interest in SEA.

3.     If there is a publicly held corporation which is not a party to the proceeding before this Court but which has a financial interest in the outcome of the proceeding, please identify all such parties and specify the nature of the financial interest or interests:

Not applicable.

4.     In all bankruptcy appeals counsel for the debtor or trustee of the bankruptcy estate must list: 1) the debtor, if not identified in the case caption; 2) the members of the creditors' committee of the top 20 unsecured creditors; and, 3) any entity not named in the caption which is active participant in the bankruptcy proceeding. If the debtor or trustee is not participating in the appeal, this information must be provided by appellant.

Not applicable.

Dated:       February 24, 2023       s/ Thomas R. Waskom

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................... iii

INTRODUCTION ........................................................................... 1

JURISDICTIONAL STATEMENT ................................................... 3

PROCEDURAL AND FACTUAL BACKGROUND  NECESSARY TO
UNDERSTAND THE QUESTION PRESENTED .................................. 3

QUESTION PRESENTED ................................................................ 6

RELIEF SOUGHT .......................................................................... 7

REASONS FOR GRANTING REVIEW .............................................. 7

I.     District courts can exercise CAFA jurisdiction over MMWA claims. ........... 7

       A.     The plain language of the MMWA and CAFA authorizes CAFA
              jurisdiction over MMWA class actions ................................ 7

              1.     A district court with CAFA jurisdiction is a "court of
                     competent jurisdiction" for MMWA purposes. ............ 8

              2.     The District Court improperly applied the "anti-surplusage"
                     canon to interpret the MMWA and reached an incorrect
                     result. .................................................................. 11

       B.     This Court's precedent supports CAFA jurisdiction over MMWA
              class actions. ................................................................. 13

       C.     The MMWA's history supports CAFA jurisdiction over MMWA
              class actions. ................................................................. 16

II.    This is an important question that has split courts within this Circuit and
       nationwide, and it is appropriate for immediate review. .................. 18

CONCLUSION ............................................................................. 23

CERTIFICATE OF COMPLIANCE .................................................. 24

CERTIFICATE OF SERVICE ......................................................... 25

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Barclay v. ICON Health & Fitness, Inc.*,
  2020 WL 6083704 (D. Minn. Oct. 15, 2020) ..........................................9, 10, 20

*Barnes v. West, Inc.*,
  249 F. Supp. 2d 737 (E.D. Va. 2003) ...................................................15

*BP Am., Inc. v. Okla. ex rel. Edmondson*,
  613 F.3d 1029 (10th Cir. 2010) .....................................................19, 21

*Burzlaff v. Thoroughbred Motorsports, Inc.*,
  758 F.3d 841 (7th Cir. 2014) ..........................................................15

*Chapman v. Gen. Motors LLC*,
  531 F. Supp. 3d 1257 (E.D. Mich. 2021) ..............................................9, 20

*Chavis v. Fid. Warranty Servs., Inc.*,
  415 F. Supp. 2d 620 (D.S.C. 2006) ..................................................9, 20

*Coleman v. Estes Express Lines, Inc.*,
  627 F.3d 1096 (9th Cir. 2010) .........................................................19

*Coll. of Dental Surgeons of P.R. v. Conn. Gen. Life Ins. Co.*,
  585 F.3d 33 (1st Cir. 2009).........................................................19, 21

*Conn. Nat'l Bank v. Germain*,
  503 U.S. 253 (1992).....................................................................12

*Da Silva v. Att'y Gen. U.S.*,
  948 F.3d 629 (3d Cir. 2020) .............................................................8

*Dack v. Volkswagen Grp. of Am.*,
  565 F. Supp. 3d 1135 (W.D. Mo. 2021)............................................9, 10, 20

*Dart Cherokee Basin Operating Co. v. Owens*,
  574 U.S. 81 (2014).......................................................................17

*Dixon v. TSE Int'l Inc.*,
  330 F.3d 396 (5th Cir. 2003) ..........................................................11

iii

*Dominion Energy, Inc. v. City of Warren Police & Fire Retirement Sys.*,
928 F.3d 325 (4th Cir. 2019) ...............................................................19

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*,
545 U.S. 546 (2005)...............................................................................17

*Farina v. Nokia, Inc.*,
625 F.3d 97 (3d Cir. 2010) .....................................................................8

*FindWhere Holdings, Inc. v. Sys. Env't Optimization, LLC*,
626 F.3d 752 (4th Cir. 2010) ................................................................11

*Floyd v. American Honda Motor Co.*,
966 F.3d 1027 (9th Cir. 2020) .............................................2, 9, 19, 20

*In re Gen. Motors Air Conditioning Mktg. & Sales Practices Litig.*,
568 F. Supp. 3d 837 (E.D. Mich. 2021) ...............................................21

*Gottlieb v. Carnival Corp.*,
436 F.3d 335 (2d Cir. 2005) .................................................................14

*Johansson v. Cent. Garden & Pet Co.*,
804 F. Supp. 2d 257 (D.N.J. 2011) ......................................................20

*Jumara v. State Farm Ins. Co.*,
55 F.3d 873 (3d Cir. 1995) ...................................................................10

*Kavon v. BMW of N. Am., LLC*,
605 F. Supp. 3d 622 (D.N.J. 2022) .................................................19, 20

*Kuns v. Ford Motor Co.*,
543 F. App'x 572 (6th Cir. 2013) ........................................2, 9, 19, 20

*Landsman & Funk PC v. Skinder-Strauss Associates*,
640 F.3d 72 (3d Cir. 2011) ...............................................13, 14, 15, 17

*Landsman & Funk PC v. Skinder-Strauss Assocs.*,
2012 WL 2052685 (3d Cir. Apr. 17, 2012) ..........................................15

*Landsman & Funk PC v. Skinder-Strauss Assocs.*,
650 F.3d 311 (3d Cir. 2011) .................................................................15

*Leflar v. HP, Inc.*,
   No. 4:22-cv-00690 (E.D. Ark. Oct. 4, 2022) ........................................................9

*Leflar v. Target Corp.*,
   57 F.4th 600 (8th Cir. 2023) ........................................................*passim*

*Leflar v. Target Corp.*,
   No. 4:22-cv-00727 (E.D. Ark. Oct. 20, 2022) ....................................................10

*McGee v. Cont'l Tire N. Am., Inc.*,
   2007 WL 2462624 (D.N.J. Aug. 27, 2007) ........................................................20

*Mims v. Arrow Financial Services, LLC*,
   565 U.S. 368 (2011)...........................................................................................15

*Monzon v. De La Roca*,
   910 F.3d 92 (3d Cir. 2018) ...............................................................................12

*Morgan v. Gay*,
   471 F.3d 469 (3d Cir. 2006) .................................................................................8

*New Jersey v. Merrill Lynch & Co.*,
   640 F.3d 545 (3d Cir. 2011) ..............................................................................11

*In re Phila. Newspapers, LLC*,
   599 F.3d 298 (3d Cir. 2010) ...........................................................................8, 12

*Powell v. Subaru of Am., Inc.*,
   502 F. Supp. 3d 856 (D.N.J. 2020)....................................................................20

*Probola v. Long & Foster Real Estate, Inc.*,
   486 F. App'x 229 (3d Cir. 2012) .......................................................................22

*Robert D. Mabe, Inc. v. Optum RX*,
   43 F.4th 307 (3d Cir. 2022) ..............................................................................17

*Rowland v. Helen of Troy*,
   2022 WL 18715775 (W.D. Pa. Dec. 27, 2022) ...................................4, 5, 11, 21

*Rubin v. United States*,
   449 U.S. 424 (1981)...........................................................................................12

*In re Subaru Battery Drain Prods. Liab. Litig.*,
2021 WL 1207791 (D.N.J. Mar. 31, 2021) ......................................20

*Suber v. Chrysler Corp.*,
104 F.3d 578 (3d Cir. 1997) ...............................................15

*Wetzel v. Am. Motors Corp.*,
693 F. Supp. 246 (E.D. Pa. 1998).........................................15

*Zortea v. Costco Wholesale Corp.*,
2023 WL 1970579 (W.D. Pa. Feb. 13, 2023).........................4, 5, 6, 11

**Statutes**

15 U.S.C. § 2301 ....................................................*passim*

15 U.S.C. § 2310 ....................................................*passim*

28 U.S.C. § 1331 .........................................................16

28 U.S.C. § 1332(d) ..................................................*passim*

28 U.S.C. § 1453(c) ..................................................*passim*

47 U.S.C. § 227 ......................................................14, 15

**Other Authorities**

16 C.F.R. § 700.10 .......................................................1

Pub. L. No. 85-554, § 2(b), 72 Stat. 415 (1958) .........................16

Pub. L. No. 96-486, § 2(b), 94 Stat. 2369 (1980) .......................16

S. Rep. No. 109–14 (2005) ..............................................22

# **INTRODUCTION**

The Court should grant Samsung's petition for permission to appeal under 28 U.S.C. § 1453(c).[1] The Courts of Appeal, and district courts in this Circuit, are split on the important question this petition raises about subject-matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), ("CAFA").

The District Court ruled that CAFA does not provide a basis for subject-matter jurisdiction over class actions asserting claims under the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.* ("MMWA"). Samsung, and the majority of courts to consider the issue, take the opposite view: that if a putative class action asserting MMWA claims satisifes CAFA's requirements, then subject-matter jurisdiction exists, even if the case does not also meet the MMWA's separate requirements for federal-question jurisdiction. That is the right answer, and the answer that is consistent with the plain language of the MMWA and CAFA, Congress's intent in enacting both laws, and this Court's precedent. The Court should grant Samsung's petition and reverse the District Court's remand order.

This putative class action, originally filed in state court, is about Samsung's alleged violation of the Federal Trade Commission's ("FTC") Anti-Tying Rule, 16 C.F.R. § 700.10, promulgated under the MMWA. Plaintiff Monica Zortea claims

---

[1] Plaintiff also named Samsung Electronics Co., Ltd. ("SEC") as a defendant. Plaintiff has not served SEC. For purposes of this petition, "Samsung" refers only to Samsung Electronics America, Inc.

that the Samsung warranty for her television improperly limited her ability to seek repairs from third parties without voiding her limited warranty. Samsung removed the action to the District Court for the Western District of Pennsylvania under CAFA, and moved to dismiss for failure to state a claim.

The District Court remanded the action, but the remand was in error. The District Court's Remand Order (the "Order") is based on the erroneous conclusion that a federal court with original jurisdiction under CAFA is not a "court of competent jurisdiction in any State or the District of Columbia," and as such cannot exercise jurisdiction over an MMWA claim. The District Court relied on a decision from the Ninth Circuit, *Floyd v. American Honda Motor Co.*, 966 F.3d 1027 (9th Cir. 2020), to conclude that the prerequisites for an MMWA-specific grant of federal question jurisdiction also apply to CAFA, a form of diversity jurisdiction. *Floyd* is one half of a deepening Circuit split on this important question, which dozens of cases have raised in the past year.

The District Court erred in siding with *Floyd* instead of *Kuns v. Ford Motor Co.*, 543 F. App'x 572 (6th Cir. 2013), and the myriad district courts that have followed *Kuns*, which found that CAFA <u>does</u> support jurisdiction over MMWA claims. *Kuns* is also joined by a January 2023 decision, *Leflar v. Target Corp.*, 57 F.4th 600 (8th Cir. 2023), in which the Eighth Circuit Court of Appeals exercised jurisdiction under Section 1453(c) and reversed a district court's remand order,

permitting an MMWA putative class action to proceed in federal district court under CAFA jurisdiction.

This Court's review is necessary to correct the District Court's error and resolve uncertainty on this issue within the Circuit.

## JURISDICTIONAL STATEMENT

Under 28 U.S.C. § 1453(c), this Court has discretion to "accept an appeal from an order of a district court granting or denying a motion to remand a class action to the State court from which it was removed." This Court therefore has jurisdiction to review the Order remanding this putative class action. *Id*.

## PROCEDURAL AND FACTUAL BACKGROUND
## NECESSARY TO UNDERSTAND THE QUESTION PRESENTED

Plaintiff Monica Zortea ("Plaintiff") commenced this action on July 26, 2022 by filing a class action complaint in the Court of Common Pleas of Allegheny County, Pennsylvania against Samsung. *See* Compl., A-050-066. Plaintiff brings one claim, alleging that Samsung violated the MMWA. Compl. ¶¶ 63–76, A-062-064. Plaintiff, on behalf of herself and a putative class, disclaims monetary damages, and seeks only injunctive, declaratory, and other equitable relief, attorneys' fees, and litigation costs. Compl. Prayer For Relief, A-064.

Plaintiff's basic allegation is that Samsung's Limited Warranty to Original Purchaser for her television violates the MMWA's restrictions on warranty provisions by requiring consumers to seek repairs only from authorized service

providers, or to use only Samsung-branded replacement parts for repairs. Compl. ¶¶ 1–7, A-050-051. Samsung was served on August 12, 2022, and SEC has not been served.

Samsung removed the matter to the United States District Court for the Western District of Pennsylvania by filing a Notice of Removal on September 12, 2022. Notice of Removal, A-032. The Notice of Removal established that the requirements for subject-matter jurisdiction under CAFA were satisfied. Notice of Removal ¶¶ 9–44, A-033-040.

Plaintiff moved to remand the matter for lack of subject-matter jurisdiction; Samsung opposed the motion, and the District Court granted the motion on February 14, 2023. Order, A-001. The Clerk of Court sent a certified copy of the remand Order to the state court on February 15, 2023. *See Zortea v. Samsung Elecs. Am., Inc.*, Civil Action No. 22-01495, Dkt. Entry 35 (W.D. Pa.).

The District Court's Order granting Plaintiff's motion to remand did not include an independent analysis of the parties' arguments, but instead, "adopt[ed] the reasoning . . . as if fully restated" that was set forth in opinions on motions to remand in two similar cases: *Rowland v. Helen of Troy Ltd.*, Civil Action No. 22-1495 (W.D. Pa., Dodge, M.J., referred, Bissoon, D.J., presiding) and *Zortea v.*

4

*Costco Wholesale Corp.*, Civil Action No. 22-1316 (W.D. Pa., Horan, D.J., presiding).[2] Order, A-001.

The *Rowland* ruling concluded that MMWA Section "2310(d)(1)(A) . . . is [not] meant to include [federal] district courts when CAFA jurisdiction is met," and that "fail[ure] to meet the criteria set forth in Section 2310(d)(3)" precludes jurisdiction predicated on CAFA. *Rowland*, A-009-011; *Rowland v. Helen of Troy*, Civil Action No. 22-1495, 2022 WL 18715775, at *4–5 (W.D. Pa. Dec. 27, 2022), *R & R adopted*, 2023 WL 1996691 (W.D. Pa. Feb. 14, 2023). The decision does not actually evaluate whether CAFA's elements for jurisdiction were satisfied. The *Costco* decision reached the same conclusion as to the availability of jurisdiction, and limited its application of CAFA to the conclusion that the amount in controversy was not satisfied because "[o]n the face of the pleadings, Ms. Zortea and the putative class are seeking non-monetary remedies and any suggestion that attorney's fees could exceed the jurisdictional amount are entirely speculative." *Costco*, A-029, *Zortea v. Costco Wholesale Corp.*, Civil Action No. 22-1316, 2023 WL 1970579, at *8 (W.D. Pa. Feb. 13, 2023).

---

[2] Monica Zortea is the plaintiff in both the *Samsung* and *Costco* actions. Her claims in the two actions arise from different FTC regulations implementing the MMWA, but appear to result from the same purchase of a Samsung television at Costco. She is represented by the same counsel in both cases. Her counsel also represent the plaintiff in *Rowland*.

As such, the District Court's Order is predicated on the conclusion that jurisdiction cannot extend to MMWA claims unless the requirements of Section 2310(d)(3) are satisfied; the District Court's ruling with respect to the satisfaction of CAFA's elements is limited to the above statement from *Costco*, that non-monetary remedies and attorney's fees cannot satisfy the amount in controversy.[3]

## QUESTION PRESENTED

This petition presents a single, important CAFA-related question:

1.     When Congress enacted the MMWA, it authorized plaintiffs to file claims "in any court of competent jurisdiction in any State." 15 U.S.C. § 2310(d)(1)(A). Congress also created limited federal-question jurisdiction for MMWA claims. *See* 15 U.S.C. § 2310(d)(1)(B). CAFA gives federal courts original jurisdiction over class actions. 28 U.S.C. § 1332(d). Is a federal court with original jurisdiction under CAFA a "court of competent jurisdiction in any State" under the MMWA?

---

[3] In opposition to Plaintiff's motion to remand, Samsung submitted admissible evidence demonstrating that the action satisfies all requirements for CAFA jurisdiction, including the amount in controversy. The District Court did not address this issue in its decision regarding Samsung, and the analysis in the decisions incorporated into the Order do not address Samsung. Because the District Court did not reach the question of whether this action meets CAFA's requirements, this petition does not address the issue.

**RELIEF SOUGHT**

Samsung respectfully requests that this Court grant this petition, hold that the district court can exercise subject-matter jurisdiction under CAFA if CAFA's requirements are satisfied, and reverse the district court's order and judgment remanding this action.

**REASONS FOR GRANTING REVIEW**

### I.    District courts can exercise CAFA jurisdiction over MMWA claims.

The District Court concluded that CAFA cannot provide a jurisdictional basis for MMWA claims. The ruling creates an unnecessary conflict between the MMWA and CAFA, when they can be read in harmony. CAFA's expansive grant of diversity jurisdiction over class actions does not conflict with the MMWA's limited grant of federal-question jurisdiction.

#### A.    The plain language of the MMWA and CAFA authorizes CAFA jurisdiction over MMWA class actions.

The MMWA authorizes private actions either "(A) in any court of competent jurisdiction in any State or the District of Columbia; or (B) in an appropriate district court of the United States, subject to paragraph (3) of this subsection." 15 U.S.C. § 2310(d)(1)(A)–(B).[4] Section 2310 therefore provides two options for subject-

---

[4] Paragraph (3) imposes three additional requirements for jurisdiction under Section 2310(d)(1)(B), but not Section 2310(d)(1)(A): a minimum individual amount in controversy for each individual plaintiff of $25; a minimum aggregate amount in controversy of $50,000; and, if the case is a class action, and a minimum of 100 named plaintiffs. 15 U.S.C. § 2310(d)(3)(A)–(B).

matter jurisdiction over MMWA claims: Section 2310(d)(1)(A) requires a jurisdictional basis outside of the MMWA—such as CAFA—while Section 2310(d)(1)(B) creates a limited grant of federal-question jurisdiction applicable to MMWA claims only, subject to additional requirements.

In interpreting and applying statutes, courts begin by "asking whether the term has a plain and unambiguous meaning. If the statutory language is unambiguous, [the] inquiry ends because courts must presume that Congress 'says in a statute what it means and means in a statute what it says there.'" *Da Silva v. Att'y Gen. U.S.*, 948 F.3d 629, 635 (3d Cir. 2020) (*quoting In re Phila. Newspapers, LLC*, 599 F.3d 298, 304 (3d Cir. 2010)). This case need not satisfy Section 2310(d)(1)(B). The District Court had jurisdiction under CAFA, which rendered the District Court a "court of competent jurisdiction" under Section 2310(d)(1)(A).

### 1. A district court with CAFA jurisdiction is a "court of competent jurisdiction" for MMWA purposes.

"CAFA operates as an expansion of diversity jurisdiction." *Farina v. Nokia, Inc.*, 625 F.3d 97, 110 (3d Cir. 2010). It creates an independent and original basis for subject-matter jurisdiction. 28 U.S.C. § 1332(d); *Morgan v. Gay*, 471 F.3d 469, 473 (3d Cir. 2006) (CAFA "broadly indicates an intent by Congress to make federal courts more available to class action litigants."). So a federal court with original jurisdiction under CAFA is a "court of competent jurisdiction."

8

That is just as true for MMWA claims as for claims arising under any other law. As the Sixth Circuit held in *Kuns*, "CAFA—the more recent of the two statutes—can render a district court a court of competent jurisdiction and permit it to retain jurisdiction where the CAFA requisites are met but the MMWA requisites [under Section 2310(d)(1)(B)] are not." *Id*. at 574 (quotation marks omitted). That is the correct conclusion.

The relevant language here is: "any court of competent jurisdiction in any State or the District of Columbia." The Western District of Pennsylvania is a "court," it is "in" the Commonwealth of Pennsylvania, and it is "of competent jurisdiction" because the requirements for CAFA jurisdiction are satisfied. It therefore falls within the plain and unambiguous language of the statute. *See Chapman v. Gen. Motors LLC*, 531 F. Supp. 3d 1257, 1305 (E.D. Mich. 2021) (holding that federal district courts fall within Section 2310(d)(1)(A)); *Dack v. Volkswagen Grp. of Am.*, 565 F. Supp. 3d 1135, 1143 (W.D. Mo. 2021) (same); *Barclay v. ICON Health & Fitness, Inc.*, 2020 WL 6083704, *7 (D. Minn. Oct. 15, 2020) (same); *Chavis v. Fid. Warranty Servs., Inc.*, 415 F. Supp. 2d 620, 623 (D.S.C. 2006) (same).

Most recently, a district court in the Eastern District of Arkansas found that CAFA provides an independent basis for jurisdiction over an MMWA action. *See Leflar v. HP, Inc.*, No. 4:22-cv-00690 (E.D. Ark. Oct. 4, 2022). The *Leflar* Court considered the *Floyd* decision but ultimately found that the analysis in *Kuns*,

*Barclay*, and *Dack* was "the better approach." *Leflar*, No. 4:22-cv-00690, slip op. at 5. The court concluded that "[s]atisfaction of the MMWA's jurisdictional requirements is not necessary in light of . . . jurisdiction under CAFA." *Id.*; *see also Leflar v. Target Corp.*, No. 4:22-cv-00727, slip op. at 5 (E.D. Ark. Oct. 20, 2022) (same).

On appeal, the Eighth Circuit in *Leflar v. Target Corp.* joined the Sixth Circuit in finding that CAFA can support federal jurisdiction over an MMWA action. *See* 57 F.4th 600, 605 (8th Cir. 2023). The Court noted that "[s]pecial diversity-jurisdiction rules apply in class actions" and "assume[d] without deciding" that "a class action that satisfies [CAFA's] jurisdictional requirements does not need to independently meet [the MMWA's other jurisdictional] thresholds." *Id.* at 602 n.1, 603.

This Court's precedent provides further support for the position that the phrase "any court of competent jurisdiction in any State or the District of Columbia" includes both federal and state courts. In *Jumara v. State Farm Ins. Co.*, the Court considered an arbitration agreement that allowed a party to seek certain relief in "a court of record in the county in which the arbitration is pending." 55 F.3d 873, 881 (3d Cir. 1995). The Court held that the phrase "a court of record in the county" included both the state and federal court located in the county. *Id.* (emphasis added).

In contrast, this Court has held that the phrase "the appropriate courts *of* the State of New Jersey" in a forum selection clause refers only to state courts. *See New Jersey v. Merrill Lynch & Co.*, 640 F.3d 545, 548 (3d Cir. 2011) (emphasis added). The Court emphasized "the small but significant word following 'courts' in the forum selection clause—'of,'" and cited to cases from other Circuits that distinguished "between the meanings of 'in' and 'of'" when analyzing whether similar language refers to both state and federal courts. *Id.* at 548–49 (citing *FindWhere Holdings, Inc. v. Sys. Env't Optimization, LLC*, 626 F.3d 752, 755 (4th Cir. 2010) and *Dixon v. TSE Int'l Inc.*, 330 F.3d 396, 398 (5th Cir. 2003) (per curiam)).

The District Court essentially rewrote the statute, substituting "of" for "in"—making exactly the error this Court has cautioned against. Federal courts can be courts "in any State"; the District Court, for instance, is "in" Pennsylvania. But the District Court read Section 2310(d)(1)(A) as limited to courts *of* any State. That is not what the statute says.

> ### 2. The District Court improperly applied the "anti-surplusage" canon to interpret the MMWA and reached an incorrect result.

The District Court relied on the "anti-surplusage" canon of statutory construction to override the plain language of Section 2310(d)(1)(A). *See Rowland*, A-009; *Costco*, A-026. There are two problems with the District Court's approach:

11

the canon does not apply, and even if it does, it does not support the District Court's result.

First, because the statute is clear and unambiguous, it was improper to look beyond its express language. *See Monzon v. De La Roca*, 910 F.3d 92, 101 (3d Cir. 2018) ("Only when a statute is ambiguous and includes disputed language 'reasonably susceptible to different interpretations' should a court go beyond interpreting the text of a provision.") (quoting *In re Phila. Newspapers, LLC*, 599 F.3d at 304). The District Court should have considered only the plain, unambiguous terms of Section 2310(d)(1)(A) instead of relying on alternative canons of construction. *See Conn. Nat'l Bank v. Germain*, 503 U.S. 253–54 (1992) ("We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there … . When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'") (quoting *Rubin v. United States*, 449 U.S. 424, 430 (1981)).

Second, the District Court incorrectly applied the anti-surplusage canon: including federal courts in Section 2310(d)(1)(A) would not, in fact, render Section 2310(d)(1)(B) superfluous. MMWA jurisdiction is proper under Section 2310(d)(1)(A) when some *external* basis for subject-matter jurisdiction is satisfied (diversity, supplemental, etc.). Section 2310(d)(1)(B), by contrast, sets requirements for *federal-question* jurisdiction over MMWA claims: individual claims no smaller

than $25, an aggregate amount in controversy of at least $50,000, and 100 named plaintiffs. A case could certainly fail to meet the requirements for jurisdiction under Section 2310(d)(1)(A) while meeting the requirements for jurisdiction under Section 2310(d)(1)(B).

Consider, for instance, a case in which 100 Pennsylvania-resident plaintiffs bring $5,000 MMWA claims against a Pennsylvania-resident defendant. Jurisdiction would fail under Section 2310(d)(1)(A) because neither traditional diversity nor CAFA could be established, and no other non-MMWA grounds for jurisdiction presents itself. Jurisdiction would exist, however, under Section 2310(d)(1)(B): each individual claim is worth more than $25, the amount in controversy is at least $50,000, and there are at least 100 named plaintiffs. As such, it is simply incorrect that interpreting Section 2310(d)(1)(A) to include federal courts renders Section 2310(d)(1)(B) surplusage.

### B. This Court's precedent supports CAFA jurisdiction over MMWA class actions.

There is a direct line through this Court's precedent to the exercise of CAFA jurisdiction over MMWA class actions.

First, this Court has previously recognized that a statute's limitation on federal-question jurisdiction does not preclude the existence of CAFA diversity jurisdiction. In *Landsman & Funk PC v. Skinder-Strauss Associates*, 640 F.3d 72 (3d Cir. 2011), the Court considered whether district courts could exercise CAFA

13

jurisdiction over claims arising under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* At the time, the rule in the Third Circuit (and most other jurisdictions) was that "there [wa]s no federal question jurisdiction over private actions brought under the TCPA."[5] *Id.* at 77.

This Court held that even if Congress intentionally divested district courts of federal-question jurisdiction over TCPA claims, the district courts can exercise CAFA jurisdiction over such claims when they are filed as class actions. The Court started from "the presumption of diversity jurisdiction regardless of the type of law under which a lawsuit arises." *Id.* at 80. Quoting now-Justice Sotomayor, the Court reasoned that "nothing in § 1332 indicates that diversity jurisdiction does not exist where federally-created causes of action are concerned." *Id.* at 82 (quoting *Gottlieb v. Carnival Corp.*, 436 F.3d 335, 340 (2d Cir. 2005)). Examining the TCPA, the Court found the statute lacked "the kind of precise, unambiguous statement of congressional intent to confer exclusive state court jurisdiction that is required to divest a court of its diversity jurisdiction." *Id.* at 86. So the Court held that CAFA

---

[5] The TCPA explicitly authorizes individuals to bring private actions in state court. *See* 47 U.S.C. § 227(b)(3). This Court and others initially read the TCPA to permit private suits in state court only. *Landsman*, 640 F.3d at 77 (collecting cases from the Second, Fourth, Fifth, Ninth and Eleventh Circuits).

jurisdiction existed, notwithstanding the (ostensible) divestment of federal-question jurisdiction.[6] There is no basis to reach a different result here.

Second, this Court has held that supplemental jurisdiction under Section 1367 establishes subject-matter jurisdiction over MMWA claims; there is no reason to treat CAFA jurisdiction any differently. *See Suber v. Chrysler Corp.*, 104 F.3d 578, 589 n.12 (3d Cir. 1997) ("If the District Court finds that Suber has established diversity jurisdiction with his [state law] claim[s], the court can exercise supplemental jurisdiction over the Magnuson–Moss Act claim."); *see also Wetzel v. Am. Motors Corp.*, 693 F. Supp. 246, 248 (E.D. Pa. 1998) (Section 2310(d)(3) does not preclude pendant jurisdiction over MMWA claims); *Burzlaff v. Thoroughbred Motorsports, Inc.*, 758 F.3d 841, 845 (7th Cir. 2014) ("The District Court . . . could then properly exercise supplemental jurisdiction over the Magnuson-Moss Act claim."); *Barnes v. West, Inc.,* 249 F. Supp. 2d 737, 739 (E.D. Va. 2003) ("claims

---

[6] *Landsman*'s subsequent history is unusual but does not lessen the decision's explanatory force or precedential value. After the opinion was filed on April 4, 2011, the defendant sought rehearing *en banc*. On May 17, 2011, the Court granted the petition. *Landsman & Funk PC v. Skinder-Strauss Assocs.*, 650 F.3d 311 (3d Cir. 2011). But before the appeal could be heard *en banc*, the Supreme Court ruled in *Mims v. Arrow Financial Services, LLC*, 565 U.S. 368 (2011), that district courts do have federal-question jurisdiction over private TCPA suits. As a result, the Third Circuit vacated its May 2011 order setting *Landsman* for *en banc* rehearing, and reinstating the April 2011 opinion "to the extent it is consistent with *Mims*." *Landsman & Funk PC v. Skinder-Strauss Assocs.*, 2012 WL 2052685, at *1 (3d Cir. Apr. 17, 2012). This Court's finding that the district court could also exercise CAFA jurisdiction is consistent with *Mims*, and thus remains good law.

that cannot independently be heard in federal court [under the MMWA] . . . can still be heard in federal court in circumstances where supplemental jurisdiction is properly exercised").

CAFA and supplemental jurisdiction have, at bottom, the same effect: an expansion of jurisdiction over claims that could not otherwise be heard in federal court. Just as supplemental jurisdiction is sufficient to establish MMWA jurisdiction, so, too, is CAFA.

**C.    The MMWA's history supports CAFA jurisdiction over MMWA class actions.**

The District Court's analysis is not only inconsistent with the plain language of the relevant statutes, but is also irreconcilable with the history of the MMWA. At the time of its passage, the jurisdictional provisions of the MMWA were intended to expand rather than contract federal jurisdiction. When Congress enacted the MMWA in 1975, the landscape of federal jurisdiction was dramatically different from today. Two major differences include:

(1) Both federal-question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction required an amount in controversy of at least $10,000, while today, there is no amount in controversy requirement for Section 1331 jurisdiction;[7] and

_____

[7] *See* Federal Question Jurisdictional Amendments Act of 1980, Pub. L. No. 96-486, § 2(b), 94 Stat. 2369 (1980) (removing amount in controversy requirement from Section 1331 federal-question jurisdiction); Pub. L. No. 85-554, § 2(b), 72 Stat. 415 (1958) (increasing amount in controversy requirement to $10,000 for Section 1332 diversity jurisdiction).

(2) The amount in controversy for diversity jurisdiction had to be satisfied by <u>every</u> class member.[8]

Section 2310 of the MMWA therefore extended federal jurisdiction over matters that were otherwise locked out of federal court in 1975: small individual claims (as little as $25) aggregated together to exceed $50,000, when under Section 1331 and 1332 federal question and diversity jurisdiction, each class member *alone* would have needed a $10,000 claim. The clear purpose of the MMWA, therefore, is to *expand* federal jurisdiction, not restrict it.

\*　　\*　　\*

Congress enacted CAFA "to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). Because "Congress's animating concern was state and local courts' tendency to keep class actions for themselves," *Robert D. Mabe, Inc. v. Optum RX*, 43 F.4th 307, 323 (3d Cir. 2022), the Court should be particularly reticent to find that CAFA jurisdiction does not exist. "[W]hen Congress wishes to strip federal courts of diversity jurisdiction, it does so clearly, and usually in a context where the policy concerns underlying diversity jurisdiction are absent." *Landsman*, 640 F.3d at 86. In putative class actions like this one, the policy concerns underlying diversity jurisdiction are heightened, not absent. CAFA itself is the best evidence of that. The

---

[8] *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 566 (2005).

17

Court should harmonize the MMWA and CAFA, and find that district courts may exercise CAFA jurisdiction under Section 2310(d)(1)(A).

## II.   This is an important question that has split courts within this Circuit and nationwide, and it is appropriate for immediate review.

The Court should exercise its authority to hear SEA's appeal of the District Court's remand order to provide lower courts with guidance as to how to harmonize CAFA and MMWA's jurisdictional requirements. This Court has not specifically articulated factors for determining whether to grant a petition for leave to appeal under Section 1453(c), but other Circuits consider:

(1) Whether the petition presents an important CAFA-related question;

(2) Whether the question presented by the CAFA appeal petition is unsettled;

(3) Whether the district court's jurisdictional decision under CAFA is incorrect, or at least fairly debatable;

(4) Whether the CAFA-related question is consequential to the resolution of the particular class action;

(5) Whether that question is likely to evade effective review if left for consideration only after final judgment;

(6) Whether the CAFA-related question is likely to recur;

(7) Whether the petition arises from a decision that is sufficiently final to position the class action for intelligent review; and

(8) Whether the probable harm to the petitioners if an immediate appeal is denied outweighs the probable harm to the other parties should an immediate appeal be entertained.

*See Coll. of Dental Surgeons of P.R. v. Conn. Gen. Life Ins. Co.*, 585 F.3d 33, 38–39 (1st Cir. 2009); *see also*, *e.g.*, *Dominion Energy, Inc. v. City of Warren Police & Fire Retirement, Sys.*, 928 F.3d 325, 334 (4th Cir. 2019) (adopting First Circuit's factors); *Coleman v. Estes Express Lines, Inc.*, 627 F.3d 1096, 1100 (9th Cir. 2010) (same); *BP Am., Inc. v. Okla. ex rel. Edmondson*, 613 F.3d 1029, 1034–35 (10th Cir. 2010) (same).

This case presents an important and relevant issue about the scope of CAFA jurisdiction and its interplay with the MMWA. This issue has arisen in district courts across the country in recent years, and there is a growing circuit split over whether satisfaction of CAFA's requirements can support MMWA jurisdiction under Section 2310(d)(1)(A). The Sixth and Eighth Circuit Court of Appeals have taken the position that compliance with CAFA's statutory requirements can support federal jurisdiction over an MMWA action, in contrast to the Ninth Circuit's holding in *Floyd* that federal jurisdiction can be maintained only under Section 2310(d)(3). *Compare Kuns*, 543 F. App'x at 574, *and Leflar*, 57 F.4th at 602–03, *with Floyd*, 966 F.3d at 1033–34.

This question also remains an unsettled question in this Circuit. *See Kavon v. BMW of N. Am., LLC*, 605 F. Supp. 3d 622, 631 (D.N.J. 2022) ("The U.S. Court of Appeals for the Third Circuit has not directly resolved the question of whether a court may exercise jurisdiction over an MMWA claim where, as here, the complaint

does not name 100 plaintiffs but the court would otherwise have jurisdiction to hear the case under CAFA."). In the absence of clear precedent, district courts in this Circuit are divided on the proper approach to MMWA jurisdiction. *See In re Subaru Battery Drain Prods. Liab. Litig.*, 2021 WL 1207791, at \*19 (D.N.J. Mar. 31, 2021) ("The parties' dispute reflects a disagreement in this district as to whether courts may exercise jurisdiction over MMWA claims where, as here, a complaint fails to name 100 plaintiffs but where the court otherwise has jurisdiction to hear the case."). District courts have looked to other jurisdictions for guidance, with varying results. *Compare Johansson v. Cent. Garden & Pet Co.*, 804 F. Supp. 2d 257, 265 n.4 (D.N.J. 2011) (citing with approval the District of South Carolina's *Chavis* decision), *and McGee v. Cont'l Tire N. Am., Inc.*, 2007 WL 2462624, at \*3–4 (D.N.J. Aug. 27, 2007) (same), *with Kavon*, 605 F. Supp. 3d at 631–32 (adopting reasoning from Ninth Circuit's *Floyd* decision), *and Powell v. Subaru of Am., Inc.*, 502 F. Supp. 3d 856, 885 (D.N.J. 2020) (same).

The District Court's decision was incorrect and inconsistent with a long line of cases holding that satisfaction of CAFA's requirements is sufficient to support federal jurisdiction over an MMWA action. *See Kuns*, 543 F. App'x at 574; *Leflar*, 57 F.4th at 602–03; *see also Chavis*, 415 F. Supp. 2d at 623; *McGee*, 2007 WL 2462624, at \*3–4; *Johansson*, 804 F. Supp. 2d at 265 n.4; *Barclay*, 2020 WL 6083704, at \*7; *Dack*, 565 F. Supp. 3d at 1143; *Chapman*, 531 F. Supp. 3d at 1305;

*In re Gen. Motors*, 568 F. Supp. 3d at 844. The question presented is also likely to recur, as plaintiffs have filed dozens of MMWA cases in state courts across the country in recent years. Notably, the District Court's remand order here was filed mere hours after orders issued in two similar cases. *See Rowland*, Civil Action No. 22-1495; *Zortea*, Civil Action No. 22-1316.

Denial of this petition would also effectively bar SEA from review of the District Court's Order, preventing SEA from accessing the federal courts to resolve an important issue with nationwide implications. *See Coll. of Dental Surgeons*, 585 F.3d at 38 ("A particularly important factor is whether the question is likely to evade effective review if left for consideration only after final judgment. . . . Because CAFA is chiefly a jurisdictional statute, cases raising serious jurisdictional issues will often fit this model."); *Edmondson*, 613 F.3d at 1035 ("Under the district court's remand order . . . this case promises to leave the ambit of the federal courts for good, precluding any other opportunity for [defendant] to vindicate its claimed legal entitlement—purportedly granted by Congress—to have a federal tribunal adjudicate the merits.").

In contrast, granting the petition would cause no harm to Plaintiff because the case is still in its early stages, and Plaintiff would be able to proceed in state court if this Court denied SEA's appeal on the merits. *See id.* (finding "relatively little concomitant probable harm" where "this case remains in its nascent stages; no

discovery has been taken; and, as of yet, there appear to be no ongoing proceedings in the . . . state courts with which we might interfere").

*     *     *

Whether MMWA class actions are subject to federal jurisdiction should not come down to the luck of the draw. Nor should litigants in this Circuit be forced to guess which one of two diametrically opposed interpretations of the law will govern their case. The purpose of Section 1453(c) is to "allow courts to 'develop a body of appellate law interpreting [CAFA] without unduly delaying the litigation of class actions.'" *Probola v. Long & Foster Real Estate, Inc.*, 486 F. App'x 229, 231 (3d Cir. 2012) (quoting S. Rep. No. 109–14, at 49 (2005)). This is a case and question that calls out for review under Section 1453(c).

## <u>CONCLUSION</u>

For the reasons set forth above, this Court should grant this petition and reverse.

Dated:  February 24, 2023          Respectfully submitted,

s/ Thomas R. Waskom
Thomas R. Waskom
HUNTON ANDREWS KURTH LLP
951 East Byrd Street
Richmond, VA 23219-4074
(804) 788-8200
twaskom@HuntonAK.com

Michael J. Mueller
Ryan P. Phair
Samuel J. Thomas
Nicholas S. Drews
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Ave NW
Washington, DC 20037-1701
(202) 955-1500
mmueller@HuntonAK.com
rphair@HuntonAK.com
sthomas@HuntonAK.com
ndrews@HuntonAK.com

Michael A. Comber
S. Wesley Gorman
REISINGER COMBER & MILLER, LLC
300 Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
(412) 894-1380
mcomber@reisingercomber.com
wgorman@reisingercomber.com

*Counsel for Samsung Electronics America, Inc.*

23

## CERTIFICATE OF COMPLIANCE

1.     This petition complies with the type-volume limitations of Federal Rule of Appellate Procedure 5(c)(1) because this petition contains 5,146 words, excluding the parts of the petition exempted by Federal Rules of Appellate Procedure 5(b)(1)(E) and 32(a)(7)(B)(iii).

2.     This petition complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this petition has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

3.     I certify pursuant to Third Circuit Local Appellate Rules 28.3(d) and 46.1(e) that I am a member in good standing of the Bar of this Court, having last renewed my membership on February 21, 2023.

4.     I certify pursuant to Third Circuit Local Appellate Rule 31.1(c) that the text of the brief filed electronically is identical to the text in the paper copies of the brief, and a virus detection program, CrowdStrike Falcon, was run on the electronic file containing this motion and no virus was detected.

Dated: February 24, 2023            s/ Thomas R. Waskom

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Third Circuit by using the appellate CM/ECF system on February 24, 2023.

I further certify that copies of the foregoing were transmitted to all counsel of record via email and commercial carrier for overnight delivery.

Dated: February 24, 2023                    s/ Thomas R. Waskom

25

ADDENDUM

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MONICA ZORTEA,                          )
                                        )
                  Plaintiff,            )       Civil Action No. 22-1309
                                        )
        v.                              )       Judge Cathy Bissoon
                                        )
SAMSUNG ELECTRONICS                     )
AMERICA, INC., *et al.*,                )
                                        )
                  Defendants.           )

## **ORDER**

Plaintiff's Motion to Remand (Doc. 13) will be granted, and Defendant's Motion to Dismiss (Doc. 10) will be denied as moot.

All of the arguments raised in the parties' briefing have been addressed in the materially analogous cases of Rowland v. Helen of Troy Ltd., Civil Action No. 22-1495 (W.D. Pa., Dodge, M.J., referred, Bissoon, D.J., presiding) and Zortea v. Costco Wholesale Corp., Civil Action No. 22-1316 (W.D. Pa., Horan, D.J., presiding). Those cases have been remanded, and this one will be too. The Court adopts the reasoning in Rowland (Docs. 26 and 32 in 22-1495) and Zortea (Doc. 33 in 22-1316), as if fully restated.

Accordingly, it hereby is ORDERED that: Plaintiff's Motion to Remand (**Doc. 13**) is **GRANTED**; Defendant's Motion to Dismiss (**Doc. 10**) is **DENIED AS MOOT**, without prejudice to refiling in state court; and this case is **REMANDED FORTHWITH** to the Court of Pleas of Allegheny County (GD-22-009301).

IT IS SO ORDERED.

February 14, 2023                                  s\Cathy Bissoon
                                                   Cathy Bissoon
                                                   United States District Judge

cc (via ECF email notification):

All Counsel of Record

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARA ROWLAND, *individually and on behalf of all others similarly situated*,    )<br>)<br>)<br>)<br>   )<br>Plaintiff   )<br>   )<br>v.   )<br>   )<br>HELEN OF TROY LTD.   )<br>*also known as*   )<br>HELEN OF TROY L.P.   )<br>*doing business as*   )<br>HOT TOOLS PROFESSIONAL,   )<br>   )<br>Defendant. | Civil Action No. 2:22-cv-1495<br>Magistrate Judge Patricia L. Dodge |

### REPORT AND RECOMMENDATION

## I.    RECOMMENDATION

It is respectfully recommended that Plaintiff Cara Rowland's Motion to Remand (ECF No. 13) be granted and that Defendant Helen of Troy Ltd.'s ("Helen of Troy") Motion to Dismiss (ECF No. 9) be denied as moot.

## II.    REPORT

### A.  Relevant Procedural History

On September 16, 2022, Rowland filed a class action against Defendant Helen of Troy (Docket Number GD-22-011653) in the Court of Common Pleas of Allegheny County, Pennsylvania.  (ECF No. 1 ¶ 1; ECF No. 1-1.)  Rowland alleges that the warranty for Helen of Troy's Hot Tools 24K Gold One-Step Hair Dryer and Volumizer (the "Warranty") violated the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.* ("MMWA").

Helen of Troy timely removed, invoking the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332, 1453, 1711–15.  (*See* ECF No. 1 ¶ 2.)  Helen of Troy then moved to dismiss Rowland's Complaint pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure arguing that Rowland lacks standing due to a lack of damages and that the Warranty does not violate the MMWA.  (ECF Nos. 9 & 10.)  Rowland timely moved to remand arguing that the case does not meet the MMWA's jurisdictional requirements and that CAFA does not provide an alternative basis for jurisdiction.  (ECF Nos. 13 & 14.)  Both motions are fully briefed and ready for disposition.

"Because 'the district court must be certain that federal subject-matter jurisdiction is proper before entertaining a defendant's motion under Federal Civil Rule 12 to dismiss the plaintiff's complaint for failure to state a claim upon which relief can be granted,' district courts should *usually* turn first to a motion to remand." *Abdullah v. Small Bus. Banking Dep't of Bank of Am.*, 628 F. App'x 83, 84 n.1 (3d Cir. 2016) (citations omitted) (emphasis added); *but see Wolstenholme v. Bartels*, 511 F. App'x 215, 217 (3d Cir. 2013) (finding no abuse of discretion where district court ruled on motion to dismiss based on the lack of personal jurisdiction before motion to remand).

Here, the Court will turn to Rowland's Motion for Remand first, and, for the reasons set forth below, respectfully recommends that Rowland's Motion for Remand (ECF No. 13) be granted.  Thus, it is further recommended that Helen of Troy's Motion to Dismiss (ECF No. 9) be denied as moot.

### B.  Rowland's Motion for Remand

    1.  MMWA's Jurisdictional Provisions

Under the MMWA, a consumer may bring suit for damages and other legal and equitable relief "(A) in any court of competent jurisdiction in any State or the District of Columbia; or (B) in an appropriate district court of the United States, subject to [the three conditions listed in § 2310(d)(3)]."  15 U.S.C. § 2310(d)(1).   As for the three conditions, the MMWA specifies that "[n]o claim shall be cognizable in a suit brought under [§ 2310(d)(1)(B)]—(A) if the amount in controversy of any individual claim is less than the sum or value of $25; (B) if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit; or (C) if the action is brought as a class action, and the number of named plaintiffs is less than one hundred."  15 U.S.C. § 2310(d)(3).

    2.  CAFA's Jurisdictional Provisions

Under CAFA, a defendant may remove a class action to a federal district court so long as the action satisfies the statute's special diversity and procedural requirements.  Federal district courts have original jurisdiction over such cases when (1) there are at least 100 members of the class; (2) there is minimal diversity, *i.e.*, any member of the class of plaintiffs is a citizen of a different state from any defendant; and (3) the amount in controversy, as aggregated across all individual claims, exceeds the sum or value of $5 million (exclusive of interest and costs).  28 U.S.C. §§ 1332(d)(2)(A), (d)(5)(B), (d)(6).

    3.  The Parties' Arguments

Rowland argues that the Court should remand this case because the three conditions that are required under §2310(d)(3) to satisfy federal question jurisdiction under the MMWA are not met.  (ECF No. 14 at 2–5.)  Rowland also argues that CAFA cannot be used to circumvent the

MMWA's jurisdictional requirements, but even if it could, CAFA's amount in controversy is not met in this case and diversity jurisdiction does not exist.  (*Id.* at 5–10.)  Helen of Troy argues that the "majority rule" is that CAFA can provide jurisdiction when the three MMWA conditions are not met, because this Court is a "court of competent jurisdiction" pursuant to § 2310(d)(1)(A).  (ECF No. 20 at 3–6.)  Helen of Troy further suggests that the amount in controversy exceeds $5,000,000 even though Rowland is not seeking monetary damages (*id.* at 6–9) and provides a sworn declaration from a Finance Director detailing sales in Pennsylvania for the 2020–2023 fiscal years (ECF No. 20-1).

In her Reply, Rowland asserts that the MMWA reference to a "court of competent jurisdiction" in § 2310(d)(1)(A) applies only to state courts.  (ECF No. 24 at 3–4.)  Rowland further argues that the case law cited by Helen of Troy is distinguishable, because, in those cases, there were other claims over which the court had subject matter jurisdiction and thus the court could also exercise supplementary jurisdiction over the MMWA claims.  (*Id.* at 2–3.)  Finally, Rowland contends that Helen of Troy has failed to provide sufficient proof to establish the amount in controversy.  (*Id.* at 4–5.)

4.  <u>Interaction between the MMWA's and CAFA's Jurisdictional Provisions</u>

The United States Court of Appeals for the Third Circuit has not directly resolved the question of whether a court may exercise jurisdiction over an MMWA claim when a complaint does not name 100 plaintiffs but the court may otherwise have jurisdiction to hear the case under CAFA.[1]  *Kavon v. BMW of N.A., LLC*, Civ. No. 20-1547, 2022 WL 1830797, at *4 (D.N.J. June 3, 2022).  The two Courts of Appeals that have addressed the interplay between the MMWA and CAFA have reached different results, and only the United States Court of Appeals for the Ninth

---

[1] Because, as explained below, the Court agrees that CAFA may not be used to circumvent the jurisdictional requirements of the MMWA, the Court need not decide whether the amount of controversy is met.

Circuit has addressed the question in a precedential opinion. *Compare Floyd v. Am. Honda Motor Co., Inc.,* 966 F.3d 1027, 1035 (9th Cir. 2020) ("CAFA may not be used to evade or override the MMWA's specific numerosity requirement") *with Kuns v. Ford Motor Co.*, 543 F. App'x 572, 574 (6th Cir. 2013) (agreeing with the district courts that have generally "held that the CAFA effectively super[s]edes the MMWA's more stringent jurisdictional requirements"); *see also Ware v. Best Buy Stores, L.P.*, 6 F.4th 726, 733 n.2 (7th Cir. 2021) (acknowledging the "split in authority about the interaction between the class requirements under CAFA and the [MMWA]" but declining to resolve issue because outcome would be unaffected).

Helen of Troy's argument—that the "majority rule" is that CAFA may provide subject matter jurisdiction even when the three conditions in 15 U.S.C. § 2310(d)(3) are not met—ignores recent caselaw since *Floyd*. Indeed, all but two of the cases that Helen of Troy cites to support its position predate the Ninth Circuit's *Floyd* decision,[2] and those that postdate *Floyd* are outside the Third Circuit. (*See* ECF No. 20 at 3 n.1[3]; *id.* at 4–7 (citing *Barclay v. ICON Health & Fitness, Inc.*, Civ. No. 19-CV-2970, 2020 WL 6083704, at *7 (D. Minn. Oct. 15, 2020) and *In re Gen. Motors Air Conditioning Mktg. & Sales Pracs. Litig.*, 568 F. Supp. 3d 837, 844 (E.D. Mich. 2021)).)

Before *Floyd*, the districts courts within the Third Circuit that considered the issue "[i]n the absence of [Third Circuit] guidance," "routinely used to hold that CAFA could provide 'a way around the MMWA's 100-named-plaintiff requirement.'" *Kavon*, 2022 WL 1830797, at *4; *Opheim v. Aktiengesellschaft*, Civ. No. 20-02483, 2021 WL 2621689, at *12 (D.N.J. June 25, 2021) (collecting cases); *see McGee v. Contl. Tire N.A., Inc.*, Civ. No. 06-6234, 2007 WL 2462624,

---

[2] Further, many cases predating *Floyd* cited by Helen of Troy are from district courts *within* the Ninth Circuit. (ECF No. 20 at 3 n.1.)

[3] This footnote is erroneously numbed as footnote "8" instead of "1" in Helen of Troy's brief.

at *3–4 (D.N.J. Aug. 27, 2007) (noting the "firmly embedded principle of statutory construction requires courts to presume that Congress enacts legislation with knowledge of the existing law and, consequently, that the newly-enacted statute is harmonious with the existing law," and agreeing with the interpretation that "the MMWA expressly contemplates alternative jurisdiction 'in any court of competent jurisdiction' and the Congress intended for CAFA to expand federal court jurisdiction over class actions." (citing *Chavis v. Fid. Warranty Services, Inc.*, 415 F. Supp. 2d 620 (D.S.C. 2006) and *Brothers v. Hewlett-Packard Co.*, Civ. No. 06-02254, 2007 WL 485979 (N.D. Cal. Feb. 12, 2007).)

However, since *Floyd*, every district court in the Third Circuit that has addressed the issue has found that CAFA does not allow plaintiffs to pursue a MMWA claim where the three conditions under § 2310(d)(3) are not met. *See Kavon*, 2022 WL 1830797, at *4 (noting that every court in the District of New Jersey has followed *Floyd* since it was decided); *Talley v. GM, LLC*, Civ. No. 1:20-cv-01137, 2021 WL 7209448, at *5–7 (D. Del. Nov. 26, 2021) (finding that plaintiffs' cause of action stems from the MMWA, therefore plaintiffs "cannot rely on CAFA for a cause of action because that law gives only jurisdiction.").

"[W]ith no binding authority and a shifting landscape of non-binding authority," this Court proceeds to analyze the MMWA and CAFA provisions and is guided in doing so by the district courts within the Third Circuit who have addressed this issue. *See Opheim*, 2021 WL 2621689, at *12.

"It is a well-established canon of statutory construction that 'provisions in different statutes should, if possible, be interpreted so as to effectuate both provisions.'" *Udell v. United States* (*In re Udell*), 454 F.3d 180, 184–85 (3d Cir. 2006) (quoting *Cutaiar v. Marshall*, 590 F.2d 523, 530 (3d Cir. 1979)) (collecting cases). The Court turns to the plain language of both the MMWA and

CAFA to determine whether these provisions can be harmonized. *Id.* at 185. "It is the cardinal canon of statutory interpretation that a court must begin with the statutory language.'" *Nunez v. Subaru of Am., Inc.*, Civ. No. 1:19-cv-18303, 2021 WL 9667930, at *7 (D.N.J. Feb. 23, 2021) (citing *In re Philadelphia Newspapers, LLC*, 599 F.3d 298, 304 (3d Cir. 2010), as amended (May 7, 2010)). "When the words of a statute are unambiguous, then, this first canon is also the last: judicial inquiry is complete." *Id.* (citations and quotations omitted).

Here, "[t]he language of the MMWA is not ambiguous, and 'the 100-named plaintiff jurisdictional requirement applies to Plaintiffs' MMWA claims.'" *Id.* (quoting *Powell v. Subaru of Am., Inc.*, 502 F. Supp. 3d 856, 885 (D.N.J. 2020)); *see also Floyd*, 966 F.3d at 1034 ("The text is clear that a requirement for an MMWA class action in federal court is at least one hundred named plaintiffs."); *see also Talley*, 2021 WL 7209448, at *6 ("Start with [MMWA's] text. It says buyers can sue warrantors in federal district court 'subject to' paragraph (3) . . . 'Subject to' means 'only if.' . . . Thus, the [MMWA] lets [plaintiffs] sue in federal court, but only if they comply with paragraph (3)." (internal citations omitted)).

In assessing the language of the MMWA as well as recent case law, the Court is not convinced that § 2310(d)(1)(A), which allows a consumer to bring suit "in any court of competent jurisdiction in any State or the District of Columbia," is meant to include district courts when CAFA jurisdiction is met. District courts are specifically targeted by § 2310(d)(1)(B). Indeed, as district courts within the Third Circuit have concluded, to interpret § 2310(d)(1)(A) as such would "violate the 'anti-surplusage' canon, under which '[i]t is our duty to give effect, if possible, to every clause and word of a statute.'" *Powell*, 502 F. Supp. 3d at 885 (quoting *United States v. Jackson*, 964 F.3d 197, 203 (3d Cir. 2020)). Further, as explained by a district court in the District of New Jersey, "pulling federal courts into subsection (A) would nullify the limits on federal

jurisdiction which Congress sought to impose via [the three conditions in] paragraph 3." *Opheim*, 2021 WL 2621689, at *12; *Powell*, 502 F. Supp. 3d at 885 ("Construing CAFA to provide jurisdiction over MMWA claims despite Plaintiffs' failure to satisfy the plain-language requirement of at least one hundred named plaintiffs would have the effect of overriding a part of the MMWA" despite no "'clear and manifest' showing of Congress's intent to do so." (quoting *Floyd*, 966 F.3d at 1035)); *Wesley v. Samsung Elecs. Am., Inc.*, Civ. No. 20-18629, 2021 WL 5771738, at *9 (D.N.J. Dec. 3, 2021).

Finally, "[t]here is a way to harmonize the two statutes." *Opheim*, 2021 WL 2621689, at *13. Thus, the inquiry begins and ends with their plain language.[4] *In re Udell*, 454 F.3d at 184. As outlined in Judge McNulty in *Opheim*:

> CAFA does not modify the MMWA's requirements because CAFA applies to suits brought under diversity jurisdiction, which MMWA suits are not. The MMWA creates a federal cause of action, so federal courts hearing MMWA claims are exercising their federal-question jurisdiction. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 377, 380, 132 S. Ct. 740, 181 L. Ed. 2d 881 (2012) (when a statute creates a federal cause of action, the statute furnishes federal-question jurisdiction, even if it also provides that claims can be brought in state court). In contrast, CAFA modifies jurisdictional requirements in diversity-jurisdiction cases so that more class actions based only on state law can be brought in federal court. *Miss. ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 165, 134 S. Ct. 736, 187 L. Ed. 2d 654 (2014); *see also* S. Rep. No. 109-14, at 10 (2005). Because an MMWA claim creates a federal-question case, CAFA does not apply to that claim.

---

[4] Decisions prior to *Floyd* discussing the CAFA and MMWA considered CAFA's legislative history, which was "intended to expand substantially federal court jurisdiction over class actions." *See McGee*, 2007 WL 2462624, at *4 ("Because the MMWA expressly contemplates alternative jurisdiction 'in any court of competent jurisdiction' and the Congress intended for CAFA to expand federal court jurisdiction over class actions, the Court finds that CAFA provides an alternate basis of jurisdiction for MMWA claims."); S. Rep. No. 109–14 at 42 (2005) (noting that CAFA "is intended to expand substantially federal court jurisdiction over class actions ... [and] its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant."). However, "the legislative history would be pertinent only to the extent that Congress clearly expressed an intent to interpret [the statutes] contrary to the plain language of the statutes." *In re Udell*, 454 F.3d at 186–87. That being said, a post-*Floyd* opinion by a district court in the District of New Jersey found, when analyzing CAFA's legislative history, that "there is nothing in CAFA's legislative history indicating that Congress sought to modify class-action requirements for class actions pressing federal claims." *Opheim*, 2021 WL 2621689, at *13 (citing *Floyd*, 966 F.3d at 1036).

8

2021 WL 2621689, at *13; *see also Floyd*, 966 F.3d 1035 ("CAFA allows certain claims to proceed under diversity jurisdiction, while the MMWA provides for a distinct claim to be brought in federal court for certain state-law warranty violations."); *Kavon*, 2022 WL 1830797, at *4–5.

Having analyzed the statutes and recent case law, the Court agrees with the Ninth Circuit's analysis that "[c]onstruing CAFA to provide jurisdiction over MMWA claims despite [plaintiff's] failure to satisfy the plain-language requirement of at least one hundred named plaintiffs would have the effect of overriding a part of the MMWA" and that "CAFA may not be used to evade or override the MMWA's specific numerosity requirement." *Floyd*, 966 F.3d at 1035; *see also Hillman Cohen v. Subaru of Am., Inc.*, Civ. No. 20-08442, 2022 WL 721307, at *9 (D.N.J. Mar. 10, 2022); *Simner v. LG Elecs. U.S.A., Inc.*, Civ. No. 21-13322, 2022 WL 3152707, at *10 (D.N.J. Aug. 8, 2022); *In re Subaru Battery Drain Prod. Liab. Litig.*, Civ. No. 20-3095, 2021 WL 1207791, at *19–20 (D.N.J. Mar. 31, 2021).

Because Rowland's Complaint fails to meet the criteria set forth in § 2310(d)(3) and Defendants may not use CAFA to circumvent the MMWA's requirements, the Court lacks subject matter jurisdiction.

### C. <u>Conclusion</u>

For these reasons, it is respectfully recommended that Rowland's Motion for Remand (ECF No. 13) be granted and that Helen of Troy's Motion to Dismiss (ECF No. 9) be denied as moot.

### D. <u>Notice</u>

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed. R. Civ. P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service of this Report and Recommendation to file written objections thereto. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file

objections will waive the right to appeal. *Brightwell v. Lehman*, 637 F. 3d 187, 193 n.7 (3d Cir. 2011).

Dated: December 27, 2022                   s/ Patricia L. Dodge
                                               PATRICIA L. DODGE
                                               United States Magistrate Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARA ROWLAND, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 22-1495 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | Magistrate Judge Patricia L. Dodge |
| HELEN OF TROY LTD., | ) | |
| | ) | |
| Defendant. | ) | |

### <u>MEMORANDUM ORDER</u>

This case has been referred to United States Magistrate Judge Patricia L. Dodge for

pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(l)(A) and (B),

and Local Rule of Civil Procedure 72.

On December 27, 2022, the Magistrate Judge issued a Report (Doc. 26) recommending

that Plaintiff's Motion to Remand (Doc. 13) be granted, and Defendant's Motion to Dismiss

(Doc. 9) be denied as moot. Service of the Report and Recommendation ("R&R") was made on

the parties, and Defendant has filed Objections. Doc. 29.

Having carefully considered the Objections, the Court finds Defendant's arguments to be

unpersuasive, and they are overruled. In addition, the undersigned hereby acknowledges,

and incorporates by reference, the well-reasoned decision of District Judge Marilyn J. Horan

in the materially analogous case of <u>Zortea v. Costco Wholesale Corp.</u>, Civil Action No. 22-1316

(W.D. Pa. Feb. 13, 2023). In particular, the Court emphasizes Judge Horan's analyses regarding

"cognizability." *See* Doc. 33 in 22-1316, at 7-10.

Thus, after a *de novo* review of the pleadings and documents in the case, together with

the Report and Recommendation and the Objections thereto, it hereby is ORDERED that:

Plaintiff's Motion to Remand (**Doc. 13**) is **GRANTED**; Defendant's Motion to Dismiss (**Doc. 9**)

is **DENIED AS MOOT**, without prejudice to refiling in state court; this case is **REMANDED**

**FORTHWITH** to the Court of Pleas of Allegheny County (GD 22-011653); and the R&R

(Doc. 26) is adopted as the Opinion of the District Court, as supplemented herein.

IT IS SO ORDERED.

February 14, 2023                                    s\Cathy Bissoon
                                                     Cathy Bissoon
                                                     United States District Judge

cc (via ECF email notification):

All Counsel of Record

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

MONICA ZORTEA, INDIVIDUALLY )
AND ON BEHALF OF ALL OTHERS )
SIMILARLY SITUATED; )
)                           2:22-CV-01316-MJH
)
Plaintiff, )
)
vs. )
)
COSTCO WHOLESALE CORP., )

Defendant,

## OPINION

Plaintiff, Monica Zortea, individually and on behalf of all others similarly situated, brings a putative class action against Defendant, Costco Wholesale Corp., for violation of the Magnuson-Moss Warranty Act (MMWA).  (ECF No. 2-1).

Costco removed this action from the Allegheny County Court of Common Pleas on the basis that this Court has jurisdiction under 1) the Class Action Fairness Act (CAFA) pursuant to 28 U.S.C. §§ 1332(d) & 1453, and (2) diversity pursuant to 28 U.S.C. § 1332 (Diversity).  Ms. Zortea has moved for remand.  (ECF No. 6).  This matter is now ripe for consideration.

After consideration of Ms. Zortea's Motion for Remand (ECF No. 6), the Complaint (ECF No. 2-1), Costco's Notice of Removal (ECF No. 2), the respective briefs and notices (ECF Nos. 7, 19, 24, 25, and 30), the arguments of counsel, and for the following reasons, Ms. Zortea's Motion for Remand will be granted.  Because this Court is directing a remand, Costco's Motion to Dismiss (ECF No. 16), will be denied as moot, without prejudice.

I.    Background

In her Complaint, Ms. Zortea alleges that Costco violated the MMWA's Pre-Sale

Availability Rule by not providing consumers with pre-sale access to written warranties. (ECF

No. 2-1 at ¶¶ 2–8).  Based upon these allegations, Ms. Zortea seeks "injunctive, declaratory, and

… equitable relief" on behalf of a proposed class of "[a]ll persons in Pennsylvania who

purchased one or more products from [Costco] that (a) cost more than $15 and (b) included a

written manufacturer's warranty." *Id*. at ¶¶ 13 and 46).  Ms. Zortea avers that she, and any Class

Members, are disclaiming monetary damages. *Id*. at ¶ 19.  Ms. Zortea filed her Complaint in the

Court of Common Pleas of Allegheny County in accord with the provisions under MMWA 15

U.S.C. § 2310(d)(1)(A).

In its Notice for Removal, Costco asserts that this Court has Jurisdiction under CAFA or

traditional diversity jurisdiction pursuant to 28 U.S.C. § 1332 (Diversity).   In her Motion for

Remand, Ms. Zortea contends that 1) her claim does not satisfy the MMWA's specific claim and

jurisdictional prerequisites under MMWA 15 U.S.C. §§ 2310(d)(1)(B); 2) CAFA does not

provide an independent basis for jurisdiction for this MMWA claim; and 3) Diversity jurisdiction

is lacking.

II.    Relevant Standard

Under 28 U.S.C. §§ 1441 and 1453, a defendant may remove an action or class action

brought in state court to federal district court when the claims fall within the federal court's

original jurisdiction. *See* 28 U.S.C. §§ 1441(a) and 1453. A plaintiff may challenge removal for

lack of jurisdiction by moving to remand the matter to state court. *See id.* § 1447(c). Such

remand motions may be filed at any time before final judgment is entered. *Id.* If the district court

indeed lacks subject matter jurisdiction, it must remand to the state court from which the action

was removed. *Id.*  "Federal courts are courts of limited jurisdiction: 'It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.'" *Hart v. FedEx Ground Package System, Inc.*, 457 F.3d 675, 679 (7th Cir. 2006), quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). As the party asserting jurisdiction, defendants bear the burden of proving that the matter is properly before the federal court. *See Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007) (citations omitted); *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) (same).

III.    Discussion

Costco is a member-based store that limits entry to card-carrying customers.  Likewise, civil litigants in federal courts must meet certain requisites for entry, whether based upon jurisdiction or the nature of their claims.  In this civil action, both parties are shopping for their preferred forum, which presents this Court with jurisdictional inquiries of first impression.

A.  Parties' Arguments

Ms. Zortea contends that she properly filed her Complaint in state court pursuant to MMWA § 2310(d)(1)(A); and, because her Complaint does not satisfy the requisites for federal jurisdiction under MMWA § 2310(d)(1)(B), she seeks remand back to state court.  Costco asserts that, because the CAFA and Diversity criteria are met in this putative class's MMWA case, this Court is competent to maintain jurisdiction under MMWA § 2310(d)(1)(A).  Ms. Zortea maintains that Costco cannot rely on CAFA or Diversity to circumvent MMWA's specific and express requirements for her MMWA claim and for federal jurisdiction as defined under MMWA § 2310(d)(1)(B).  She contends that, to hold otherwise, would result in CAFA's implicit repeal of the MMWA. Costco argues that the MMWA permits federal jurisdiction under §

3

A-017

2310(d)(1)(A) where CAFA provides a separate basis for subject matter jurisdiction and federal district courts qualify as "courts of competent jurisdiction" under § 2310(d)(1)(A).

B. Status of the law

The Third Circuit has not addressed the issues as presented by the parties. The Sixth and Ninth Circuit Courts have analyzed the interplay between the language of CAFA and of the MMWA, with divergent results. *Cf. Kuns v. Ford Motor Co.*, 543 F. App'x 572, 574 (6th Cir. 2013) (agreeing with those district courts which have generally "held that the CAFA effectively super[s]edes the MMWA's more stringent jurisdictional requirements") *with Floyd v. Am. Honda Motor Co., Inc.,* 966 F.3d 1027, 1035 (9th Cir. 2020) ("CAFA may not be used to evade or override the MMWA's specific numerosity requirement"). Prior to *Floyd*, Third Circuit district courts had held that CAFA superseded MMWA's class action requirements. *E.g.*, *McCalley v. Samsung Elecs. Am., Inc.*, Civ. No. 07-2141, 2008 WL 878402, at *4–5 (D.N.J. Mar. 31, 2008) (Greenaway, J.); *McGee v. Cont'l Tire N. Am., Inc.*, Civ. No. 06-6234, 2007 WL 2462624, at *4 (D.N.J. Aug. 27, 2007). However, following *Floyd*, Third Circuit district courts have shifted to the Ninth Circuit's reasoning to mandate that, where the requisite § 2310(d)(1)(B) criteria are not met, a MMWA suit must be filed in state court. *In re Subaru Battery Drain Prods. Liab. Litig.*, Civ. No. 20-3095, 2021 WL 1207791, at *12 (D.N.J. Mar. 31, 2021); *Powell v. Subaru of Am., Inc.*, 502 F. Supp. 3d 856, 885 (D.N.J. 2020); *Opheim v. Aktiengesellschaft*, CV2002483KMESK, 2021 WL 2621689, at *12 (D.N.J. June 25, 2021); *Talley v. General Motors*, No. 1:20-cv-01137, 2021 WL 7209448 (D. Del. Nov. 26, 2021) (C.J. Bibas sitting by designation).

Absent controlling Third Circuit authority, this remand issue requires analysis of the statutory language from the removal statute under 28 U.S.C. § 1441 et seq., the MMWA under

15 U.S.C. § 2310, CAFA under 28 U.S.C. § 1332(d), and Diversity under 28 U.S.C. § 1332(a).

The operative question is whether the MMWA provides its own exclusive jurisdictional scheme

for MMWA claims; or whether, in state court removal circumstances, CAFA or Diversity apply

to § 2310(d)(1)(A) and supersedes the federal court limitations set forth in MMWA §

2310(d)(1)(B).  To do so, the Court will examine the plain meaning under the pertinent statutes.

C.  Statutory Interpretation

It is the cardinal canon of statutory interpretation that a court must begin with the

statutory language.'" *Nunez v. Subaru of Am., Inc.*, Civ. No. 1:19-cv-18303, 2021 WL 9667930,

at *7 (D.N.J. Feb. 23, 2021) (citing *In re Philadelphia Newspapers, LLC*, 599 F.3d 298, 304 (3d

Cir. 2010), as amended (May 7, 2010)). "When the words of a statute are unambiguous, then,

this first canon is also the last: judicial inquiry is complete." *Id*. (citations and quotations

omitted). According to the "anti-surplusage" canon, "[i]t is our duty to give effect, if possible, to

every clause and word of a statute."  *United States v. Jackson*, 964 F.3d 197, 203 (3d Cir. 2020)

 Under Supreme Court precedent with regard to seemingly competing statutes, "'when

two statutes are capable of coexistence, it is the duty of the courts, absent a clearly expressed

congressional intention to the contrary, to regard each as effective.'" *J.E.M. Ag Supply, Inc. v.*

*Pioneer Hi–Bred Intern., Inc.*, 534 U.S. 124, 143–44, 122 S.Ct. 593, 151 L.Ed.2d 508 (2001)

(quoting *Morton v. Mancari*, 417 U.S. 535, 551, 94 S.Ct. 2474, 41 L.Ed.2d 290 (1974)).  Also,

"[w]hen confronted with two Acts of Congress allegedly touching on the same topic, this Court

... strive[s] 'to give effect to both.'" *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1624 (2018)

(quoting Morton v. Mancari, 417 U.S. 535, 551 (1974)).  "Implied repeals are generally

disfavored." *Me. Cmty. Health Options v. United States*, 140 S. Ct. 1308, 1323 (2020). Further,

the Court must presume that "Congress is aware of existing law when it passes legislation." *Hall*

*v. United States*, 566 U.S. 506, 516, 132 S.Ct. 1882, 1889, 182 L.Ed.2d 840 (2012).

D.  Removal

For removal of civil actions, 28 U.S.C. § 1441 provides as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action
> brought in a State court of which the district courts of the United States have
> original jurisdiction, may be removed by the defendant or the defendants, to the
> district court of the United States for the district and division embracing the place
> where such action is pending.

28 U.S.C. § 1441(a). Under 28 U.S.C. § 1441(a), "a defendant may remove a civil action to

federal court only if the plaintiff could have originally filed the action in federal court." *Maglioli*

*v. All. HC Holdings LLC*, 16 F.4th 393, 406 (3d Cir. 2021).

The Court begins with the general guiding principle that Congress's power to create

lower federal courts includes its power to "limit the jurisdiction of those Courts." *Patchak v.*

*Zinke*, 200 L.Ed.2d 92, 138 S.Ct. 897, 906 (2018) (citing *United States v. Hudson*, 7 Cranch 32,

33, 3 L.Ed. 259 (1812); *accord, Lockerty v. Phillips*, 319 U.S. 182, 187, 63 S.Ct. 1019, 87 L.Ed.

1339 (1943)).  Thus, in this case, analysis must examine the statutory authority, as granted by

Congress, under the plain language of the MMWA, which directs where and under what

circumstances a consumer may bring suit for relief.

E.  MMWA Discussion

The MMWA creates a consumer's right to bring a suit for relief. The MMWA also

expressly defines where and when said suit may be filed vis-à-vis state and/or federal courts.

Under the MMWA, "a consumer may bring suit for damages and other legal and equitable

relief—(A) in any court of competent jurisdiction in any State or the District of Columbia; or (B)

6

in an appropriate district court of the United States, subject to [15 U.S.C. § 2310(d)(3)]." 15

U.S.C. §§ 2310(d)(1)(A) and 2310(d)(1)(B). 15 U.S.C. § 2310(d)(3) provides:

> No claim shall be cognizable in a suit brought [in an appropriate district court of the United States]—
>
> (A) if the amount in controversy of any individual claim is less than the sum or value of $25;
>
> (B) if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit; or
>
> (C) if the action is brought as a class action, and the number of named plaintiffs is less than one hundred.

15 U.S.C. § 2310(d)(3).

1.  MMWA § 2310(d)(1)(B)

Presently, the Court examines where Ms. Zortea could have filed this MMWA putative

class action suit under the applicable language for federal district court class actions under 15

U.S.C. § 2310(d)(1)(B). If she could have initially filed her putative MMWA class action claim

in federal court, then removal was proper. If she could not have filed her suit in federal court,

then remand is appropriate. Here, the MMWA § 2310(d)(3) criteria provide that "[n]o claim

shall be cognizable…if the action is brought as a class action claim in federal court, and the

number of named plaintiffs is less than 100." Because Ms. Zortea's Complaint does not name at

least 100 plaintiffs, it does not meet MMWA's criteria for a federal cognizable claim under 15

U.S.C. § 2310(d)(3)(C). Therefore, Ms. Zortea, and the putative class, did not have a cognizable

claim, and she could not have filed this case in federal court. By extension, because "a defendant

may remove a civil action to federal court only if the plaintiff could have originally filed the

action in federal court," Costco would not be permitted to remove this case to federal court.

*Maglioli*, 16 F.4th at 406.

A plain reading statutory analysis supports this result. Beginning with the text of the MMWA,

(1) Subject to subsections (a)(3) and (e), a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief—

    (A)   in any court of competent jurisdiction in any State or the District of Columbia; or

    (B) in an appropriate district court of the United States, **subject to** paragraph (3) of this subsection.

    ***

(3)    **No claim shall be cognizable** in a suit **brought under** paragraph (1)(B) of this subsection—

    (A) if the amount in controversy of any individual claim is less than the sum or value of $25;

    (B) if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit; or

    (C) if the action is brought as a class action, and the number of named plaintiffs is less than one hundred.

15 U.S.C. §§ 2310(d)(1) and 2310(d)(3) (emphasis added). "Subject to" means "only if." *See* Antonin Scalia & Bryan A. Gartner, *Reading Law* 126 (2012). Thus, MMWA permits consumers to sue in federal court, but "only if" they comply with paragraph Section 2310(d)(3), which states in relevant part, "no claim shall be cognizable" in federal court if:

• A class action is "brought under" paragraph (1)(B) of Magnuson-Moss, and

• "[T]he number of named plaintiffs is less than one hundred."

8

15 U.S.C. § 2310(d)(3), (d)(3)(C).  Congress declared that no claim shall be cognizable in a suit brought under Section 2310(d)(1)(B) unless specific criteria are met.  Next, for "cognizable," Black's Law Dictionary provides two relevant definitions:

1.  Capable of being known or recognized <for purposes of establishing standing, a plaintiff must allege a judicially cognizable injury>.

[…]

3.  Capable of being judicially tried or examined before a designated tribunal; within the court's jurisdiction <the tort claims are not cognizable under the consumer-protection statute>.

COGNIZABLE, Black's Law Dictionary (11th ed. 2019).  Under the third definition, a claim is not "cognizable" if courts lack jurisdiction to hear it. *See also John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 136 (2008) (noting that "cognizable by" means "about the same thing" as "has jurisdiction").  Under this definition, the MMWA directs that a claim is not cognizable in a suit in "an appropriate district court in the United States," such that a plaintiff, who does not name 100 plaintiffs, does not have a cognizable claim and cannot bring a suit in federal court.

Under the first definition, the term "cognizable" does not speak to jurisdiction; rather, it determines whether a plaintiff has a federal court claim/cause of action.  MMWA expressly states that no claim shall be cognizable in a suit brought under Section 2310(d)(1)(B).  As recognized by Judge Bibas in *Talley*, 2021 WL 7209448, the phrase "[b]rought under law X" could mean "relying on X for a cause of action" or it could mean "relying on law X for jurisdiction." *Id*. at *6.  A plain reading of the MMWA's "brought under" language also refers to litigants, not just courts; and therefore, Section 2310(d)(1) supplies a cause of action for suits in addition to establishing the jurisdictional authority for courts.

9

The MMWA speaks to where consumers may bring suit for damages and relief, and it defines the limited circumstances for when a suit may be brought in federal court. It supplies a specific federal cause of action under Section 2310(d)(1)(B).   Without 100 named plaintiffs, the MMWA claim is not cognizable.  Absent a cognizable claim, the district court has no subject matter jurisdiction over the claim. Therefore, Ms. Zortea and the putative class could not have filed their claim under MMWA § 2310(d)(1)(B), and there would be no basis for Costco to remove the state-filed case to federal court.

2. MMWA § 2310(d)(1)(A)

Despite the language of MMWA § 2310(d)(1)(B), Costco maintains that this case can qualify for federal court jurisdiction, because, under CAFA, all criteria for a class action are met; and therefore, through MMWA § 2310(d)(1)(A), the federal district court is a "any court of competent jurisdiction in any State or the District of Columbia."   Further, Costco argues that Diversity could confer federal court jurisdiction for Ms. Zortea's individual claim. Ms. Zortea contends that such a reading of § 2310(d)(1)(A) is incompatible with the language of § 2310(d)(1)(B).  Specifically, she argues that the MMWA sets forth a clear judicial demarcation for MMWA claims as between state courts and federal courts.

 "A court of competent jurisdiction is a court with the power to adjudicate the case before it." *Lightfoot v. Cendant Mortg. Corp.*, 580 U.S. 82, 91, 137 S.Ct. 553, 560, 196 L.Ed.2d 493 (2017) (citing Black's Law Dictionary 431 (10th ed. 2014)). While some other federal statutes expressly define "a court of competent jurisdiction" to include both federal and state courts[1], the MMWA neither defines "court of competent jurisdiction" nor abuts said phrase with any "federal" court reference.  MMWA § 2310(d)(1)(A) instead utilizes "court of competent

---

[1] *See, e.g.* 12 U.S.C. § 1723a(a); 18 U.S.C. § 2703(a), (b) & (c); 29 U.S.C. § 216(b)

jurisdiction" in conjunction with reference to any State or the District of Columbia. If Congress

had intended to include federal district courts under MMWA § 2310(d)(1)(A), it could have

expressly done so, as it did in MMWA § 2310(d)(1)(B). Criteria for where and when a suit may

be filed in an appropriate federal district court is expressly defined separately under MMWA §

2310(d)(1)(B). The implication, that § 2310(d)(1)(A) includes federal district courts within its

"any court of competent jurisdiction in any State or the District of Columbia" language, renders

the restrictions to federal court under § 2310(d)(1)(B) meaningless. Such is contrary to the rules

of statutory construction. Under the harmonious-reading canon, the provisions of a statute should

be interpreted in a way that renders them compatible, not contradictory. *See United States v.*

*Bass*, 404 U.S. 336, 344, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971) (recognizing that "courts should

interpret a statute with an eye to the surrounding statutory landscape and an ear for harmonizing

potentially discordant provisions."). "[I]t is a 'cardinal rule that a statute is to be read as a

whole,' in order not to render portions of it inconsistent or devoid of meaning." *Matter of Glenn*,

900 F.3d 187, 190 (5th Cir. 2018) (citing *Zayler v. Dep't of Agric. (In re Supreme Beef*

*Processors, Inc.)*, 468 F.3d 248, 253 (5th Cir. 2006) (en banc) (quoting *Wash. State Dep't of Soc.*

*& Health Servs. v. Guardianship Estate of Keffeler*, 537 U.S. 371, 385 n.7, 123 S.Ct. 1017, 154

L.Ed.2d 972, (2003)) (citation omitted)).

Therefore, under the plain reading of MMWA § 2310(d)(1)(A) in conjunction with

MMWA § 2310(d)(1)(B), MMWA Section 2310(d)(1)(A), which allows a consumer to bring suit

"in any court of competent jurisdiction in any State or the District of Columbia," does not

include federal district courts. Section 2310(d)(1)(B) specifically speaks to federal courts and the

requisites for a claim under MMWA to be cognizable for filing with a federal district court. To

interpret § 2310(d)(1)(A) to include federal court jurisdiction would "violate the 'anti-

surplusage' canon, under which '[i]t is [the court's] duty to give effect, if possible, to every clause and word of a statute.'" *Powell v. Subaru of Am., Inc.*, 502 F.Supp.3d 856, 885 (D.N.J. 2020) (quoting *United States v. Jackson*, 964 F.3d 197, 203 (3d Cir. 2020)). Likewise, as the District Court of New Jersey has explained, "pulling federal courts into subsection (A) would nullify the limits on federal jurisdiction which Congress sought to impose via [the three conditions in] paragraph 3." *Opheim v. Aktiengesellschaft*, 2021 WL 2621689, at *12 (D.N.J. June 25, 2021). Therefore, Ms. Zortea and the putative class could not have filed their claim in federal court under § 2310(d)(1)(A). And likewise, Costco has no ability to remove the suit, as filed, under MMWA § 2310(d)(1)(A).

Here, a plain reading of "in any court of competent jurisdiction in any State or the District of Columbia," under § 2310(d)(1)(A), directs filings in state courts, except for those that qualify for federal district court under § 2310(d)(1)(B), as intended and specified by Congress. Moreover, a plain reading of "subject to," "brought under" and "cognizable claim" consistently evidences Congress's intent to permit only limited categories of MMWA cases to file suits through federal district courts. Therefore, there is a clear statutory mandate, created by § 2310(d)(1)(A) and § 2310(d)(1)(B), that defines and directs where and under what circumstances MMWA suits may be filed (or removed) in federal court.

F.   CAFA, Diversity, and MMWA Reconciliation

The Court now briefly addresses whether the jurisdictional outcomes under MMWA can be reconciled with CAFA and Diversity. Costco and some courts maintain that CAFA, the later passed statute, abrogates MMWA § 2310(d)(1)(B) and opens § 2310(d)(1)(A) to afford access to federal courts for Ms. Zortea's class action claim. Costco also argues that diversity under § 1332(a) could afford access for Ms. Zortea's individual claim. Ms. Zortea contends that such an

implicit repeal of the MMWA violates traditional statutory canons and distorts Congress's intent when it enacted each statute.

In 2005, Congress amended the diversity statute by adding CAFA, which expanded diversity jurisdiction for class actions that met certain criteria:

> (d)(2) The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—(A) any member of a class of plaintiffs is a citizen of a State different from any defendant;

28 U.S.C. § 1332 (d)(2)(A). While CAFA, like MMWA, requires a proposed class action of at least one hundred, unlike the MMWA, CAFA does not require the naming of all one hundred plaintiffs. *Floyd*, 966 F.3d at 1033 (comparing 15 U.S.C. § 2310(d)(3)(C) *with* 28 U.S.C. § 1332(d)(1)(D)). In *Floyd*, the Ninth Circuit rejected the proposition that CAFA superseded MMWA's requirements and stated that, "[t]he plain language of the MMWA lists a combination of specific requirements for a claim cognizable in *federal* court." *Id*. at 1034 (emphasis in original).

This Court shares the concerns expressed by the Ninth Circuit and other courts. If CAFA or Diversity substitutes for the MMWA's § 2310 express requirements for claims and court jurisdiction, such would effectively nullify § 2310(d)(1)(B) and its federal court limitations, thereby defeating MMWA's federal court statutory scheme that has been untouched by Congress since its enactment. Congress intended that MMWA class actions meet specified prerequisites for claim cognizability to qualify claims for federal court jurisdiction. When it enacted CAFA, Congress could have addressed this jurisdictional issue with regard to class actions and the MMWA, but it did not. Moreover, as the Court in *Opheim v. Aktiengesellschaft*, 2021 WL 2621689 (D.N.J. June 25, 2021) adeptly stated:

13

> There is a way to harmonize the two statutes: CAFA does not modify the MMWA's requirements because CAFA applies to suits brought under diversity jurisdiction, which MMWA suits are not. The MMWA creates a federal cause of action, so federal courts hearing MMWA claims are exercising their federal-question jurisdiction. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 377, 380 (2012) (when a statute creates a federal cause of action, the statute furnishes federal-question jurisdiction, even if it also provides that claims can be brought in state court). In contrast, CAFA modifies jurisdictional requirements in diversity-jurisdiction cases so that more class actions based only on state law can be brought in federal court. Miss. ex rel. Hood v. AU Optronics Corp., 571 U.S. 161, 165 (2014); see also S. Rep. No. 109-14, at 10 (2005). Because an MMWA claim creates a federal-question case, CAFA does not apply to that claim. Indeed, there is nothing in CAFA's legislative history indicating that Congress sought to modify class-action requirements for class actions addressing federal claims. Floyd, 966 F.3d at 1066. In short, CAFA and MMWA cases have distinct requirements. Plaintiffs do not satisfy the MMWA requirements, so their MMWA claims must be dismissed.

Id. at *13.

Congress passed the MMWA in 1974. At the time of such enactment, Congress set forth certain threshold dollar amounts under § 2310(d)(1)(B) for individual claims at $50,000 and a numerosity requirement of 100 named plaintiffs for class actions. At that time, the threshold dollar amount for both 28 U.S.C. §§ 1331 (federal question) and 1332 (diversity) jurisdiction was $10,000. Therefore, at its enactment, MMWA created state court jurisdiction and created restrictive criteria for claim cognizability and federal court jurisdiction. In 1980, Congress eliminated the threshold dollar amount for § 1331 federal question jurisdiction. In 1988 and 1996, Congress raised the Diversity threshold dollar amounts to $50,000 and $75,000, respectively. CAFA was enacted in 2005. Congress did not expressly reference the MMWA or amend or repeal MMWA § 2310 in any of these enactments. Moreover, Congress has not since enacted any other legislation to amend any of the provisions of MMWA § 2310. Congress's inaction is significant. Costco's suggested interpretation of MMWA § 2310(d)(1)(A), to include

federal courts and to then apply CAFA or Diversity to confer federal court jurisdiction, would effectively repeal MMWA § 2310 and defeat Congressional intent.

CAFA, Diversity, and the MMWA can each be given full effect. This Court's interpretation of MMWA § 2310(d)(1)(A) does not impair CAFA or Diversity jurisdiction, because, under § 2310(d)(1)(B), absent qualifying criteria, there is no cognizable claim and therefore no civil action over which any federal district court has subject matter jurisdiction. In such circumstance, neither CAFA nor Diversity operates to confer jurisdiction beyond what is expressly provided for under MMWA. MMWA § 2310(d)(1)(B) affords MMWA consumers an avenue to initiate qualifying class actions in federal court. It correspondingly allows defendants to remove state court-filed qualifying MMWA § 2310(d)(1)(B) class actions to federal court. Neither CAFA nor Diversity statutes are necessary to confer federal court jurisdiction. MMWA § 2310 fully and exclusively prescribes jurisdiction for consumer claims. CAFA and Diversity jurisdiction statutes are unaffected by this Court's holding on MMWA. Those statutes remain unimpeded and consistent with statutory language, construction, and Congressional intent.

G.   CAFA Applicability

Furthermore, even if CAFA applied, which it does not, Coscto must satisfy that the Plaintiffs' claims meet CAFA's $5 million jurisdictional amount. The Notice of Removal does not provide a sufficient basis to support that the damages at issue would likely reach such threshold amount.  On the face of the pleadings, Ms. Zortea and the putative class are seeking non-monetary remedies and any suggestion that attorney's fees could exceed the jurisdictional amount are entirely speculative. Thus, even if this Court were to hold, which it does not, that the MMWA implicitly includes federal courts as "courts of competent jurisdiction" under §

15

A-029

2310(d)(1)(A), CAFA would not afford federal jurisdiction over Ms. Zortea's suit and remand would issue.

### H.  Diversity

Similarly, even if Diversity jurisdiction applied as to Mrs. Zortea's individual claim, which it does not, the threshold jurisdictional amount is not met. Diversity jurisdiction requires 1) citizens of different states; and 2) an amount in controversy over $75,000.   While Ms. Zortea and Coscto are citizens of different states, Ms. Zortea's claim does not meet the amount in controversy requirement.  As stated earlier, Ms. Zortea is seeking non-monetary relief.  And even if she would recover attorney's fees, the Third Circuit has held that attorney fees are not costs within the meaning of MMWA; and thus, they are not included in the amount in controversy determination for Diversity jurisdiction. *Suber v. Chrysler Corp*, 104 F.3d 578, 588 n.12 (3d Cir. 1997) (internal citations omitted); accord, *Matthews v. James Hardie Bldg. Prod., Inc.*, No. 3:16-CV378-MCR-EMT, 2017 WL 6994567, at *3 (N.D. Fla. Nov. 21, 2017) (holding monetary award that a plaintiff may be entitled to under the Magnuson Moss Warranty Act, including attorney's fees, cannot be considered for Diversity because MMWA § 2310(d)(1)(B) provides its own jurisdictional amount that precludes costs and fees).  Therefore, even if this Court had found, which it does not, that MMWA implicitly includes federal courts as "courts of competent jurisdiction" under § 2310(d)(1)(A), Ms. Zortea has not asserted an amount in controversy that would meet the jurisdictional threshold under Section 1332.   Thus, remand would issue.

### IV.    Conclusion

Accordingly, this case is not eligible for removal and remand is appropriate.  Ms. Zortea's Motion to Remand will be granted.  Because this Court is remanding the suit to Allegheny County, Costco's Motion to Dismiss (ECF No. 16), will be denied as moot, without

prejudice. A separate order will issue directing the clerk to remand this matter to the Allegheny County Court of Common Pleas.

DATED this 13th day of February, 2023.

BY THE COURT:

_____
MARILYN J. HORAN
United States District Judge

17

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MONICA ZORTEA, *et al.*, | Civil No. 2:22-cv-1309 |
| Plaintiffs, | |
| v. | |
| SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG ELECTRONICS CO., LTD., | |
| Defendants. | |

## NOTICE OF REMOVAL

Defendant Samsung Electronics America, Inc. ("SEA" or "Samsung"), for its notice of removal of this action from the Court of Common Pleas of Allegheny County, Pennsylvania to the United States District Court for the Western District of Pennsylvania under 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, states:

## I.      BACKGROUND AND PROCEDURAL HISTORY

1. Plaintiff Monica Zortea ("Plaintiff") filed a civil action against SEA and Samsung Electronics Co. Ltd. ("SEC") on July 26, 2022, in the Court of Common Pleas of Allegheny County, Pennsylvania, captioned *Monica Zortea v. Samsung Electronics America, Inc., and Samsung Electronics Company, Inc.*, Case Number GD-22-00301. A true and correct copy of Plaintiff's Original Complaint is included in the documents attached as **Exhibit 1** to this filing. SEA was served with process on August 12, 2022.  SEC has not been served.

2. Plaintiff alleges that Samsung violated the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 *et seq.* ("MMWA"). Her central allegation is that Samsung's Limited Warranty to Original Purchaser for her television ("Limited Warranty") violates the MMWA's restrictions on warranty provisions requiring consumers to seek repairs only from authorized service providers, or use only

Samsung-branded replacement parts for repairs. (Compl. ¶¶ 1-7.) That allegation is contradicted by the plain language of the Limited Warranty she cites.

3.    Plaintiff seeks injunctive, declaratory and other equitable relief, attorneys' fees, and litigation costs.

4.    In addition to asserting claims on her own behalf, Plaintiff purports to bring her claims against Samsung on behalf of a putative class of purchasers of Samsung products covered by the Limited Warranty.

5.    As set forth below, this action satisfies all the requirements for removal under the Class Action Fairness Act ("CAFA").

## II.    THE PARTIES

6.    Plaintiff alleges she is a citizen and resident of the Commonwealth of Pennsylvania. (Compl. ¶ 8.)

7.    SEC is a South Korean corporation with its principal place of business at 129 Samsung-ro, Yeongtong-gu, Suwon-si, Gyeonggi-do, 16677, Republic of Korea.  Therefore, SEC is a citizen of South Korea for diversity purposes. *See* 28 U.S.C. § 1332(c)(1).

8.    SEA is a New York corporation with its principal place of business in Ridgefield Park, New Jersey. Therefore, SEA is a citizen of the States of New York and New Jersey for diversity purposes. *See* 28 U.S.C. § 1332(c)(1).

## III.    THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1332(D).

9.    "No antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Rather, CAFA should be read broadly. *See Portnoff v. Janssen Pharm., Inc.*, 237 F. Supp. 3d 253, 256–57 (E.D. Pa. 2017) (citing *Gallagher*

*v. Johnson & Johnson Consumer Companies, Inc.*, 169 F.Supp.3d 598, 602 (D.N.J. 2016)) ("Congress enacted CAFA to facilitate class actions in federal court, and its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

10.      Jurisdiction exists under CAFA if the litigation is a "class action" as defined by CAFA, "the amount in controversy exceeds the sum or value or $5,000,000," and "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

**A.      This Litigation Is a "Class Action" Under CAFA.**

11.      CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule or judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

12.      Plaintiff requests certification of a class "pursuant to Rules 1702, 1708, and 1709 of the Pennsylvania Rules of Civil Procedure" comprising "[a]ll persons in Pennsylvania who purchased a product subject to Defendants' warranty within the Class Period[,]" defined as three years prior to the filing of the Complaint, through the date of class certification. (Compl. ¶¶ 53-54 & n.18.)

13.      Actions seeking class treatment under Rules 1702, 1708, and 1709 of the Pennsylvania Rules of Civil Procedure are "class actions" for purposes of CAFA. *See* 28 U.S.C. § 1332(d)(1)(B).

**B.      Plaintiff's Claims Meet CAFA's Jurisdictional Minimum.**

14.      In order for original jurisdiction to exist under CAFA, "the matter in controversy [must] exceed[] the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2).

15.     Samsung's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin*, 574 U.S. at 89.

*16.*     Under CAFA, the Court may determine the amount in controversy based on the value of the injunctive relief from either the plaintiffs' or the defendant's point of view.  *See Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 397–98 (3d Cir. 2016) (citing *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977)) (stating the amount in controversy is measured by "the value of the object of the litigation"); *Lenell v. Advanced Min. Tech., Inc.*, 14-CV-01924, 2014 WL 7008609, at *3 (E.D. Pa. Dec. 11, 2014) (valuing equitable relief from the plaintiffs' viewpoint); *Excel Pharm. Servs., LLC v. Liberty Mut. Ins. Co.*, 389 F.Supp.3d 289, 293 (E.D. Pa. 2019) (valuing declaratory relief from defendant's viewpoint).

17.     This case meets the jurisdictional minimum whether measured from Plaintiff's or Samsung's perspective, under several different methods of valuation.

### *The Value of the Purportedly Voided Warranties*

18.     Plaintiff alleges that she purchased a television manufactured by Samsung covered by a three-year warranty. (Compl. ¶¶ 45-46 & n.16.) She claims that the terms of the warranty "lead consumers, including Plaintiff, to believe that third-party repair will void the Warranty" (*id.* ¶ 47) and that Samsung states that its warranties "will be void if consumers use third-party repair services to service the goods they purchased from Defendants."[1] (*Id.* ¶ 5.)

19.     Plaintiff seeks injunctive or declaratory relief keeping her warranty effective regardless of any third-party repairs or replacement parts. She claims such relief is necessary so

---

[1] By describing Plaintiff's allegations, Samsung does not admit the truth of any allegation made in the Complaint.

that she can "repair the Product via a third-party, independent repair service without purportedly voiding her Warranty[.]" (*Id.* ¶ 50.)

20.    In other words, according to Plaintiff, from her viewpoint the value of the injunctive relief is that she will have a non-voided warranty.

21.    The Court can determine the value of a non-voided warranty to each putative class member by estimating the market value of the warranty itself. *See, e.g., Chapman v. Tristar Products, Inc.*, 16-CV-1114, 2018 WL 3752228, at *2 (N.D. Ohio Aug. 3, 2018) (determining value of one-year warranty extension for injunctive relief purposes by dividing $30 price for an extended warranty by its six-year duration); *In re Shop-Vac Mktg. & Sales Practices Litig.*, 2016 WL 7178421, at *12 (M.D. Pa. Dec. 9, 2016) (same method for determining value of warranty); *In re Volkswagen & Audi Warranty Extension Litig.*, 89 F. Supp. 3d 155, 168–69 (D. Mass. 2015) (same method); *O'Keefe v. Mercedes-Benz USA, LLC*, 214 F.R.D. 266, 298, 305-06 (E.D. Pa. 2003) (same method).

22.    Here, the Court can determine the approximate number of products covered by Plaintiff's proposed class definition: "All persons in Pennsylvania who purchased a product subject to Defendants' warranty within the Class Period," three years prior to the filing of the Complaint.  (Compl. ¶ 54.)  Plaintiff leaves ambiguous what she means by "product subject to Defendants' warranty."  For purposes of this calculation, Samsung assumes Plaintiff means televisions because she specifically identified the Limited Warranty for TVs, but any broader interpretation would only increase the estimated amount in controversy.

23.    Samsung does not track overall television sales by state, so the estimates can reasonably be based on U.S. sales and Pennsylvania's share of the U.S. population (3.93%).

24.     The Court can then multiply the cost of an extended care plan for each category of product by the number of products sold in the State.

25.     The Court can estimate the aggregate value of the purportedly voided warranties covering the Samsung televisions purchased by the putative class members. The Consumer Technology Association reported that approximately 46.6 million televisions were purchased in the United States in 2021.[2] Based on Pennsylvania's share of the U.S. population (3.93%), the Court can estimate that Pennsylvanians purchased 1,831,380 televisions in 2021.

26.     Samsung has more than 25% of the market share for televisions in the United States.[3] Thus, the Court can conservatively estimate that Samsung sold 457,845 televisions in Pennsylvania in 2021, alone.

27.     Samsung sells extended warranties to consumers for televisions. The cost of the extended warranties varies significantly depending on television model, because of the significant differences in technology used in different models. The extended warranty costs for each model are available on Samsung's website. For example, a two-year extended warranty for a 65" QLED 8K smart television costs $349, while a four-year extended warranty for a 43" QLED 4K smart television costs $129. To be extremely conservative, the Court can calculate the value of one year of warranty coverage for Samsung televisions based on the latter—making the one-year value about $32.

28.     Thus, based on the market value of the extended warranty, the aggregate value of a *single year* of the warranties on the estimated number of Samsung televisions sold in Pennsylvania

---

[2]  *See* https://hdguru.com/cta-sees-overall-2022-u-s-tv-shipments-falling-13-to-40-4m-units/ (last visited Aug. 20, 2022).

[3]  *See*  https://www.statista.com/statistics/782217/smart-tv-share-by-oem-in-the-us/ (last visited Aug. 19, 2022).

in 2021 is at least $14,651,040. Assuming the same sales for the prior three years, the aggregate value of the estimated television warranties sold to Pennsylvanians in the three years prior to the Complaint is $43,953,120.[4]

### *The Value of the Product Repairs*

29. In the alternative, this case exceeds CAFA's jurisdictional minimum based on the value of the third-party repairs Plaintiff purportedly wants.

30. As mentioned above, the Court can estimate that Samsung sold 457,845 televisions in Pennsylvania in 2021. Assuming constant sales, the Court can then estimate that Samsung sold 1,373,535 televisions in Pennsylvania in the three years prior to the Complaint.

31. The national average cost of television repair is $200, but repair services can vary depending on the cost of parts and the complexity of the repair.[5]

32. The cost of television repairs range from about $50 to over $1,000.[6] Repairs for Smart TVs, like the one Plaintiff alleges she purchased (Compl. ¶ 45), typically range from $100 to $400.[7]

33. To be extremely conservative, even if the cost of third party repair was only $10 on average, the aggregate cost to repair all Samsung televisions sold in Pennsylvania during the three years prior to the Complaint would be $13,735,350.

---

[4] Those calculations do not include the tens of thousands of other high-value products that Samsung sold in Pennsylvania in the past year, and the value of their warranties. Nor does it include the attorneys' fees discussed below.

[5] *See* https://www.fixr.com/costs/tv-repair (last visited Aug. 31, 2022).

[6] *See id.*; https://happydiyhome.com/tv-screen-repair/ (last visited Aug. 31, 2022).

[7] *Id.*

### *The Value of the Products at Issue*

34.     While Plaintiff has not been damaged and does not allege damages, she may not disclaim damages on behalf of the putative class members—should they allege to have suffered any—because no class has been certified. *Standard Fire Ins. Co v. Knowles*, 568 U.S. 588, 593 (2013) (holding that prior to class certification, plaintiff lacked the authority to concede the amount-in-controversy issue for the absent class members). Accordingly, members of the putative class who care about the substance of product warranties and make purchasing decisions based on those warranties may seek to recover the price that they paid for the products in question. *Id*. at 593-94.

35.     As explained above, the Court can reasonably estimate that 457,845 Samsung televisions were sold in Pennsylvania in 2021 (which itself is a reasonable proxy for the 12 months preceding the filing of this action). Even if each device were valued at just $100, the aggregate amount for a *single year* would be $45.7 million.

### *The Cost of Compliance*

36.     In the alternative, the Court can determine the amount in controversy based on the cost to Samsung.

37.     If Plaintiff's requested injunction were granted, Samsung would incur substantial costs in implementing the injunction across many different product lines. Samsung estimates that the cost of implementing the injunction requested by Plaintiff would exceed $5,000,000.

### *Attorneys' Fees*

38.     The MMWA allows a consumer to recover attorneys' fees. 15 U.S.C. § 2310(d)(2) (a consumer "may be allowed by the court to recover as part of the judgment a sum equal to the

aggregate amount of cost and expenses (including attorneys' fees based on actual time expended)").

39.     Plaintiff seeks attorneys' fees. (Compl. Prayer for Relief (d).) Plaintiff's request increases the amount in controversy, for both individual and class-wide claims. *Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007) (citing *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997)). Samsung reasonably believes that Plaintiff, if she were to prevail in obtaining the relief she seeks, would claim a significant attorneys' fee in this action, possibly more than $5,000,000. *See Campbell v. Facebook, Inc.,* 2017 WL 3581179, at *2 (N.D. Cal. Aug. 18, 2017) (disclosing class settlement in which plaintiffs' counsel sought $3,890,000 in attorneys' fees for representation of class); *Frederico*, 507 F.3d at 197 (noting that attorneys' fees "can exceed six figures in a class action").

40.     Accordingly, this is a class action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

### C.     The Parties Satisfy the Minimum Diversity Requirements

41.     Plaintiff and Samsung are citizens of different states for purposes of diversity jurisdiction.

42.     This action therefore satisfies the requirement of 28 U.S.C. § 1332(d)(2) that "any member of a class of plaintiffs [be] a citizen of a State different from any defendant."

43.     There is minimal diversity between the proposed class of plaintiffs and the Defendants to this action. 28 U.S.C. § 1332(d)(2)(A).

44.     This Court has original jurisdiction under 28 U.S.C. § 1332(d).

## IV.     REMOVAL IS PROPER

45.     This notice of removal is timely because it is filed within 30 days of service of the Complaint on Samsung. 28 U.S.C. § 1446(b).

46.     This Court is the appropriate court for removal of this action under 28 U.S.C. § 1446(a).

47.     Copies of all process, pleadings, and orders served upon the Defendants or filed in this action in the Court of Common Pleas of Allegheny County, Pennsylvania, along with a true and correct copy of the electronic docket sheet from the state court, are attached to this notice of removal as Exhibit 1.

48.     A copy of this notice of removal will be filed forthwith in the Court of Common Pleas of Allegheny County, Pennsylvania.

49.     All procedural requisites to removal have been met. Removal to this Court under 28 U.S.C. § 1441 is proper and effective hereby.

50.     Samsung reserves the right to object to any defects of personal jurisdiction, service of process, sufficiency of process, and any other defense available under Federal Rule of Civil Procedure 12.

51.     By removing this case to this Court, Samsung does not waive the right to enforce any arbitration agreement, class action waiver, or any other pre-dispute agreement that may exist between the Plaintiff and Defendants or any putative class member and Defendants.

WHEREFORE, Defendant Samsung Electronics America, Inc. gives notice of the removal of this action to this Court and respectfully requests all just and proper relief.

Respectfully submitted,

Michael A. Comber
PA ID No. 81951

S. Wesley Gorman
PA ID No. 325565
REISINGER COMBER & MILLER, LLC
300 Koppers Building
436 Seventh Avenue
Pittsburgh, PA  15219
412-894-1380
412-291-2109 (fax)
mcomber@reisingercomber.com
wgorman@reisingercomber.com

Thomas R. Waskom
(Admission Pending)
HUNTON ANDREWS KURTH LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
Telephone: (804) 788-8200
Facsimile: (804) 788-8218
E-mail: twaskom@HuntonAK.com

Ryan P. Phair
(*Pro Hac Vice* Application Forthcoming)
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue NW
Washington, DC 20037
Telephone: (202) 955-1500
Facsimile: (202) 778-2201
E-mail: rphair@HuntonAK.com

*Attorneys for Defendant*
*Samsung Electronics America, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2022, I served a true and correct copy of the foregoing upon the Plaintiff by first-class U.S. Mail, postage prepaid, to the following counsel of record:

| | |
|---|---|
| Edwin J. Kilpela, Jr. | Kevin Tucker |
| Lynch Carpenter, LLP | East End Trial Group LLC |
| 1133 Penn Ave, 5th Floor | 6901 Lynn Way, Suite 215 |
| Pittsburgh, Pennsylvania 15222 | Pittsburgh, Pennsylvania 15208 |

I also certify, as directed by local practice rules, that on September 12, 2022, I served a true and correct copy of the foregoing filed document upon the Prothonotary for the Allegheny County Court of Common Pleas by electronic filing.

S. Wesley Gorman

<u>Exhibit 1</u>

(Complaint, Proof of Service, Docket)

Complaint

# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

Allegheny _____ County

| For Prothonotary Use Only: | |
|---|---|
| Docket No: | *TIME STAMP* |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

Lead Plaintiff's Name:
Monica Zortea

Lead Defendant's Name:
Samsung Electronics America, Inc.

**Are money damages requested?** ☒ Yes ☐ No

Dollar Amount Requested:
(check one)
- ☐ within arbitration limits
- ☒ outside arbitration limits

**Is this a Class Action Suit?** ☒ Yes ☐ No

**Is this an MDJ Appeal?** ☐ Yes ☒ No

Name of Plaintiff/Appellant's Attorney: Edwin J. Kilpela, Jr.

☐ **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

**Nature of the Case**: Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**SECTION B**

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☒ Other:
  Magnuson-Moss
  Warranty Act

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other

_____

- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other

_____

- ☐ Other: _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other

_____

- ☐ Zoning Board
- ☐ Other: _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other: _____

A-046

*Updated 1/1/2011*

# NOTICE

**Pennsylvania Rule of Civil Procedure 205.5. (Cover Sheet) provides, in part:**

    **Rule 205.5.    Cover Sheet**

    (a)(1)   This rule shall apply to all actions governed by the rules of civil procedure except the following:

            (i)       actions pursuant to the Protection from Abuse Act, Rules 1901 et seq.

            (ii)      actions for support, Rules 1910.1 et seq.

            (iii)     actions for custody, partial custody and visitation of minor children, Rules 1915.1 et seq.

            (iv)     actions for divorce or annulment of marriage, Rules 1920.1 et seq.

            (v)      actions in domestic relations generally, including paternity actions, Rules 1930.1 et seq.

            (vi)     voluntary mediation in custody actions, Rules 1940.1 et seq.

    (2)     At the commencement of any action, the party initiating the action shall complete the cover sheet set forth in subdivision (e) and file it with the prothonotary.

    (b)     The prothonotary shall not accept a filing commencing an action without a completed cover sheet.

    (c)     The prothonotary shall assist a party appearing pro se in the completion of the form.

    (d)     A judicial district which has implemented an electronic filing system pursuant to Rule 205.4 and has promulgated those procedures pursuant to Rule 239.9 shall be exempt from the provisions of this rule.

    (e)     The Court Administrator of Pennsylvania, in conjunction with the Civil Procedural Rules Committee, shall design and publish the cover sheet.  The latest version of the form shall be published on the website of the Administrative Office of Pennsylvania Courts at www.pacourts.us.

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

MONICA ZORTEA, individually and on behalf of all others similarly situated,

    *Plaintiff*,

        v.

SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG ELECTRONICS CO., LTD.

    *Defendants*.

CIVIL DIVISION

No. _____

Code:_____

CLASS ACTION

**CLASS ACTION COMPLAINT**

FILED ON BEHALF OF PLAINTIFF, MONICA ZORTEA

COUNSEL OF RECORD FOR THIS PARTY:

Edwin J. Kilpela, Jr. PA ID # 201595
Elizabeth Pollock-Avery
PA ID# 314841
Kenneth A. Held PA ID # 330442
**LYNCH CARPENTER, LLP**
1133 Penn Ave, 5th Floor
Pittsburgh, Pennsylvania 15222
Tel:   (412) 322-9243
Fax:  (412) 231-0246
ekilpela@lcllp.com
elizabeth@lcllp.com
ken@lcllp.com

**EAST END TRIAL GROUP LLC**
Kevin Tucker (He/Him) PA ID # 312144
Kevin J. Abramowicz (He/Him)
PA ID # 320659
Chandler Steiger (She/Her) PA ID # 328891
Stephanie Moore (She/Her) PA ID # 329447
6901 Lynn Way, Suite 215
Pittsburgh, PA 15208
Tel. (412) 877-5220
ktucker@eastendtrialgroup.com
kabramowicz@eastendtrialgroup.com
csteiger@eastendtrialgroup.com
smoore@eastendtrialgroup.com

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| MONICA ZORTEA, individually and on behalf of all others similarly situated, | CIVIL DIVISION |
| *Plaintiff*, | No. _____ |
| v. | Code:_____ |
| SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG ELECTRONICS CO., LTD. | CLASS ACTION |
| *Defendants*. | |

### NOTICE TO DEFEND

**YOU HAVE BEEN SUED IN COURT**. If you wish to defend against the claims set forth in the following pages, you must take action within **TWENTY (20)** days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.**

**IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

LAWYER REFERRAL SERVICE
The Allegheny County Bar Association
11th Floor Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
Telephone: (412) 261-5555

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

MONICA ZORTEA, individually and on
behalf of all others similarly situated,

     *Plaintiff*,

         v.

SAMSUNG ELECTRONICS AMERICA,
INC. and SAMSUNG ELECTRONICS
COMPANY, LTD.

     *Defendants.*

CIVIL DIVISION

No. _____

Code:_____

CLASS ACTION

## CLASS ACTION COMPLAINT

Plaintiff Monica Zortea, individually and on behalf of all others similarly situated, brings

this action against Samsung Electronics America, Inc., and Samsung Electronics Company, Ltd.

Plaintiff alleges the following based on personal knowledge as to Plaintiff's experiences, and on

information and belief as to other matters, including investigation conducted by Plaintiff's counsel.

## NATURE OF THE CASE

1.     Plaintiff seeks injunctive and declaratory relief curtailing unlawful business

practices related to consumer products manufactured, sold, and warranted by Defendants,

Samsung Electronics America, Inc. ("SEAI") and Samsung Electronics Company, Ltd. ("SECL").

2.     The Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301–2312 ("Magnuson-

Moss," the "Act," or "MMWA"), and its implementing regulations, 16 CFR §§ 700.1, *et seq.*,

prohibit retailers from "condition[ing] the continued validity of a warranty on the use of only

authorized repair service and/or authorized replacement parts for non-warranty service and

1

maintenance (other than an article of service provided without charge under the warranty[)]" (referred to herein as the "Anti-Tying Rule").[1]

3.    The Anti-Tying Rule guarantees consumers the right to obtain repairs from service providers other than Defendants without voiding Defendants' warranties.

4.    The Anti-Tying Rule also promotes a competitive marketplace for repair services.

5.    Defendants violate the Anti-Tying Rule by stating that their warranties will be void if consumers use third-party repair services to service the goods they purchased from Defendants.

6.    Defendants' noncompliance is self-serving in that these misrepresentations help Defendants develop and maintain a monopoly on repairing the goods they sell, and on selling after-market parts because many consumers won't attempt even simple, inexpensive repairs—or use inexpensive third-party repair services—if they believe doing so will void the warranties they purchased with Defendants' products.

7.    Plaintiff seeks injunctive and declaratory relief against Defendants for their violations of Magnuson-Moss's Anti-Tying Rule.

**PARTIES**

8.    Plaintiff is a citizen of Pennsylvania and a resident of Bucks County.

9.    Defendant Samsung Electronics Co., Ltd. ("SECL") is one of the world's largest producers of electronics and electronic devices.

10.    SECL is a multinational corporation existing under the laws of the Republic of South Korea and headquartered at 129 Samsung-ro, Yeongtong-gu Suwon, Gyeonggi, 16677, Republic of Korea, and is the parent company to Defendant Samsung Electronics America, Inc.

---

[1] 16 C.F.R. § 700.10(c).

11.     SECL regularly conducts business in the Commonwealth of Pennsylvania and throughout the United States. SECL's primary consumer products are smartphones, tablets, laptop computers, and televisions. SECL generally oversees all aspects of these products, including but not limited to their design, manufacture, marketing, and warranty services.

12.     Defendant Samsung Electronics America, Inc. ("SEAI") is a wholly owned subsidiary of SECL. SEAI is a New York corporation, headquartered at 85 Challenger Rd., 6th Floor, Ridgefield Park, NJ 07660.

13.     SEAI warrants the products designed, manufactured, marketed, and sold by SECL.

14.     SEAI acts as SECL's agent in receiving, reviewing, and processing warranty claims related to its consumer products.

## JURISDICTION AND VENUE

15.     This Court has personal jurisdiction over SECL because SECL directs its conduct at Pennsylvania, transacts business in Pennsylvania, qualifies as a foreign corporation under the laws of Pennsylvania, is registered to do business in Pennsylvania, has substantial contacts with Pennsylvania, engaged and is engaging in conduct that has a direct, substantial, reasonably foreseeable, and intended effect of causing injury to persons in Pennsylvania, and purposely availed itself of the laws of Pennsylvania.

16.     This Court has personal jurisdiction over SEAI because SEAI directs its conduct at Pennsylvania, transacts business in Pennsylvania, is registered to do business in Pennsylvania, has substantial contacts with Pennsylvania, engaged and is engaging in conduct that has a direct, substantial, reasonably foreseeable, and intended effect of causing injury to persons in Pennsylvania, and purposely availed itself of the laws of Pennsylvania.

17.     Defendants' activities in Pennsylvania gave rise to the claims identified herein.

18.     Venue is proper in Allegheny County because Defendants conduct substantial business in Allegheny County.

<u>**EXCLUSIVE STATE COURT JURISDICTION**</u>
<u>**PURSUANT TO 15 U.S.C. § 2310**</u>

19.     Exclusive jurisdiction lies with this Court, pursuant to 15 U.S.C. § 2310.

20.     Magnuson-Moss authorizes injured consumers to bring suit for "legal and equitable relief…in any court of competent jurisdiction in any State." 15 U.S.C. § 2310(d)(1)(A).

21.     However, the Act imposes specific limitations on the exercise of jurisdiction by federal courts, stating that "no claim shall be cognizable" in federal district court "(A) if the amount in controversy of any individual claim is less than the sum or value of $25; (B) if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit; or (C) if the action is brought as a class action, and the number of named plaintiffs is less than one hundred." *Id*. § 2310(d)(3)(A)-(C).

22.      Plaintiff solely seeks equitable and declaratory relief individually and on behalf of the Class Members, in the form of Defendants removing the provision in their Warranty that violates Magnuson-Moss's anti-tying provisions.

23.     Neither Plaintiff nor any Class Member asserts an individual claim for damages, much less one valued at $25 or greater.

24.     As a result, neither of the requirements for federal jurisdiction set forth under § 2310(d)(3)(A) or § 2310(d)(3)(B) are satisfied.

25.     Further, because there are not one hundred named plaintiffs in this action, the requirement for federal jurisdiction set forth under § 2310(d)(3)(C) is not satisfied.

26.     Because none of the requirements for federal jurisdiction are satisfied under § 2310(d)(3), this Court has exclusive jurisdiction over this Action.

## COMMON FACTUAL ALLEGATIONS

### I.    Magnuson-Moss and Its Prohibition of Tying Provisions in Consumer Warranties

27.    Magnuson-Moss is a consumer-protection law passed in 1975 that, among other things, prohibits warrantors from conditioning warranty coverage on consumers' use of an article or service identified by brand, trade, or corporate name.[2]

28.    Specifically, a warrantor cannot "condition the continued validity of a warranty on the use of only authorized repair service and/or authorized replacement parts for non-warranty service and maintenance (other than an article of service provided without charge under the warranty[)]."[3]

29.    The provision dissects an example of a term that violates the Anti-Tying Rule:

This warranty is void if service is performed by anyone other than an authorized 'ABC' dealer and all replacement parts must be genuine 'ABC' parts—stating that it violates Magnuson-Moss in two ways: first, it impermissibly ties repairs to the manufacturer, but second, "*a warrantor cannot, as a matter of law, avoid liability under a written warranty where a defect is unrelated to the use by a consumer of 'unauthorized' articles or service*."[4]

30.    The disclaimer of liability does not need to be explicit to be improper.

[A] warrantor would violate the MMWA if its warranty led a reasonable consumer exercising due care to believe that the warranty conditioned coverage "on the consumer's use of an article or service identified by brand, trade or corporate name…." Moreover, misstatements leading a consumer to believe that the consumer's warranty is void because a consumer used "unauthorized" parts or service may also be deceptive under Section 5 of the FTC Act.[5]

---

[2] 15 U.S.C. § 2302(c).

[3] 16 C.F.R. § 700.10(c).

[4] *Id*. (emphasis added).

[5] Federal Trade Commission, *Final Action: Magnuson-Moss Warranty Act Interpretations; Rules Governing Disclosure of Written Consumer Product Warranty Terms and Conditions, Pre-Sale Availability of Written Warranty Terms, and Informal Dispute Settlement Procedures; and Ad Guides*, at p. 11 (May 22, 2015) (available at https://www.ftc.gov/system/files/documents/federal_register_notices/2015/05/150522mag-mossfrn.pdf) ("2015 FTC Final Action").

31.     Then-FTC-Chairman Lewis Engman explained the animating purpose of the Anti-

Tying Rule in the run-up to Magnuson-Moss's introduction:

> This [anti-tying] provision addresses the anticompetitive practice which the
> Commission has opposed in numerous court actions wherein a manufacturer uses a
> warranty unreasonably to tie his supplementary products or services to the
> warranted product. This leaves the consumer in the undesirable posture of losing
> his warranty protection if he purchases the supplementary items from another and
> perhaps less expensive source—even if he does so in complete ignorance of the
> warranty's provisions.[6]

32.     More recently, the FTC reiterated, "[Magnuson-Moss's] anti-tying provision bars

manufacturers from using access to warranty coverage as a way of obstructing consumers' ability

to have their consumer products maintained or repaired using third-party replacement parts and

independent repair shops."[7]

33.     In its Report accompanying the 2021 Financial Services and General Government

Appropriations Bill, Congress specifically directed the FTC as follows:

> *Consumer Repair Rights.*—The Committee is aware of the FTC's ongoing review
> of how manufacturers…may limit repairs by consumers and repair shops, and how
> those limitations may increase costs, limit choice, and impact consumers' rights
> under the Magnuson-Moss Warranty Act. Not later than 120 days after the
> enactment of this Act, the FTC is directed to provide to the Committee, and to
> publish online, a report on anticompetitive practices related to repair markets. The
> report shall provide recommendations on how to best address these problems.

34.     Subsequently, the FTC produced a report to Congress that "synthesized the

knowledge gained from its July 16, 2019 workshop titled 'Nixing the Fix: A Workshop on Repair

---

[6] Statement of Hon. Lewis A. Engman, Chairman, Federal Trade Commission, included in H. Rep.
No. 93-17, at 58 (1973).

[7] FTC, *Nixing the Fix: An FTC Report to Congress on Repair Restrictions*, May 2021, at p. 5
(available at https://www.ftc.gov/system/files/documents/reports/nixing-fix-ftc-report-congress-repair-restrictions/nixing_the_fix_report_final_5521_630pm-508_002.pdf) (last accessed July 16,
2022) (hereinafter referred to as "2021 FTC Report").

Restrictions' (the "Workshop"), public comments, responses to a Request for Empirical Research and Data, and independent research."[8] ("2021 FTC Report").

35.     Per the 2021 FTC Report,

Even when a warranty does not explicitly require that repairs be performed by the original equipment manufacturer (OEM) using OEM parts, many manufacturers restrict independent repair and repair by consumers through [*inter alia*] Product designs that complicate or prevent repair; Policies or statements that steer consumers to manufacturer repair networks;…[and] Disparagement of non-OEM parts and independent repair[.][9]

36.     The 2021 FTC Report confirmed that violative conduct was rampant:

The Commission continues to receive reports of companies not complying with the MMWA. In response to staff's call for empirical research and comments related to the Workshop, several organizations reported that warranty tying continues to be prevalent in the marketplace. For example, the Education Fund of U.S. PIRG, the federation of state Public Interest Research Groups (PIRGs), submitted an October 2018 study analyzing warranties from 50 companies. U.S. PIRG concluded that 45 of the 50 companies had warranties that appeared to violate Section 102(c) of the MMWA. Likewise, the Specialty Equipment Market Association (SEMA) submitted a comment stating that it regularly receives complaints that automobile dealerships void automobile warranties if the dealership finds a specialty part (e.g., custom wheels) had been installed on the automobile, regardless of whether the specialty part caused the automobile to malfunction. Other commenters submitted information claiming that certain warrantors either expressly or by implication continue to condition warranty coverage of the use of particular products or services.

…Tying is illegal where the effect is to impair competition and harm consumers in the market for either the tying product or the tied product.[10]

37.     It is important to note that Magnuson-Moss's Anti-Tying Rule does not prohibit the warrantor from disclaiming liability for defects *caused* by third-party repairs. Rather, the law simply puts the burden on the warrantor to prove a third-party repair caused the defect.

---

[8] *Id.*
[9] *Id.*
[10] *Id.*

## II. The Significance of Third-Party Repair of Consumer Products

38. Beyond unlawfully proscribing customers' federal consumer protection rights, Defendants' conduct further harms consumers by stifling the third-party repair industry, thereby allowing Defendants (and comparable device manufacturers who engage in similar practices) a monopolistic grasp on the repair of their own products. This harms consumers in multiple ways.

39. First, the stifling of competition drives up the cost of repair and limits a consumer's ability to have their products fixed in a timely manner. Commonly, a warrantor's authorized service centers will have wait times that are untenable for devices that a consumer regularly relies on. In one example, a consumer's refrigerator had a faulty compressor and the warrantor (LG) told her that its authorized servicers could not fix the appliance for up to a month.[11] Obviously, a household cannot do without refrigerated food for a month. There are countless other appliances and devices that we rely on daily, and doing without them for weeks—or even days—can cause profound disruptions in our daily lives.

40. This problem has become only more acute in the wake of the COVID-19 pandemic when appliance repair demand surged. Use of home appliances drastically increased as people are home more, and fewer people are buying new appliances as both retail operations were restricted and the supply chain was interrupted by COVID-19.[12] The rise in repair needs in turn leads to delays in warranty service. When consumers are unable to get a necessary appliance repaired in a

---

[11] US PIRG, Warranties in the Void II, (April 8, 2021) at p. 18 (available at https://uspirg.org/sites/pirg/files/reports/Warranties%20in%20the%20Void%20II_USPEF_April _2021_Final.pdf).

[12] Youn, Soo. "Ovens, dishwashers and washing machines are breaking down like never before. But there's nobody to fix them." *The Washington Post* (October 22, 2020) (available at: https://www.washingtonpost.com/road-to-recovery/2020/10/22/appliance-repair-services-pandemic/).

timely manner under warranty terms, there is a real need to hire a third-party repair technician to solve the issues or attempt the repair themselves.

41.    Second, anticompetitive marketplaces limit access to essential electronics, more broadly. Consumer electronics, in general, are the subject of ongoing shortages. An Associated Press report found that the increased demand and supply chain challenges posed by the pandemic resulted in shortages around the country.[13] Kinks in the semiconductor supply chain pose an additional threat to the supply of new products.[14] Reducing barriers to repair allows older consumer products to be refurbished more easily, thereby expanding the available supply.[15]

42.    These shortages notwithstanding, Defendants' anticompetitive practices enable it (and similarly situated companies) to force consumers to buy new products through planned obsolescence. When it costs almost as much to repair an existing product as it does to buy a new version of the same product, consumers will likely opt to buy the new product.  Whereas, in a repair marketplace where costs are lowered through competition, it is cheaper to repair an existing piece of electronics than to buy a new one.

43.    Against this backdrop of scarcity, it is more important than ever that consumers be allowed to maintain and repair their products without restriction.

---

[13] Jocelyn Gecker and Michael Liedtke, *AP Exclusive: US Faces Back-To-School Laptop Shortage,* (Aug. 22, 2020), https://apnews.com/article/01e9302796d749b6aadc35ddc8f4c946.

[14] Hyunjoo Jin, Douglas Busvine, and David Kirton, *Analysis: Global chip shortage threatens production of laptops, smartphones and more,* Reuters, (Dec. 17, 2020), https://www.reuters.com/article/us-chip-shortage-analysis/analysis-global-chip-shortage-threatens-production-of-laptops-smartphones-and-more-idUSKBN28R0ZL.

[15] 2021 FTC Report, *see,* Note 8, *supra.*

9

44. To date, Defendants have done nothing to proactively alert consumers to their rights under federal law. Defendants' unlawful behavior, coupled with their failure to affirmatively alert consumers of their rights, has created and continues to create an ongoing injury.

### PLAINTIFF'S SPECIFIC ALLEGATIONS

45. On or about November 15, 2021, Plaintiff purchased a 65" Class TU700D 4K Crystal UHD HDR Smart television (the "Product"), manufactured by SECL.

46. As part of the Product's underlying sales price, Plaintiff also purchased a warranty representing Defendants' promise to stand behind the Product ("Warranty").

47. The Warranty, and additional representations related thereto, lead consumers, including Plaintiff, to believe that third-party repair will void the Warranty.

48. For example, the Warranty states, in pertinent part: "Warranty service can only be performed by a SAMSUNG authorized service center."[16]

49. Further, the Warranty states:

> **This limited warranty covers manufacturing defects in materials and workmanship encountered in normal, and except to the extent otherwise expressly provided for in this statement, noncommercial use of this product, and shall not apply to the following, including, but not limited to:** damage which occurs in shipment; delivery and installation; applications and uses for which this product was not intended; altered product or serial numbers; cosmetic damage or exterior finishes; accidents, abuse, neglect, fire, water, lightning or other acts of nature; **use of products, equipment, systems, utilities, services, parts, supplies, accessories, applications, installations, repairs, external wiring or connectors not supplied or authorized by SAMSUNG which damage this product or result in service problems;** incorrect electrical line voltage, fluctuations and surges; customer adjustments and failure to follow operating instructions, cleaning, maintenance and environmental instructions that are covered and prescribed in the instruction book; reception problems and distortion related to noise, echo, interference or other signal transmission and delivery problems; or brightness

---

[16] Official Samsung Support US, Warranty (last accessed July 19, 2022) (available at https://www.samsung.com/us/support/service/warranty/UN65TU700DFXZA).

related to normal aging or any other issues if the TV is used for commercial or non-normal consumer use. (Emphasis added).[17]

50. Based on the Warranty's terms, Plaintiff is unable to repair the Product via a third-party, independent repair service without purportedly voiding her Warranty, thereby limiting Plaintiff to a fraction of the repair marketplace.

51. Because Plaintiff is limited to a smaller marketplace for service and repair, it is likely she will encounter reduced availability among providers and higher prices for their services.

52. Plaintiff anticipates buying other consumers goods in the future, and would consider purchasing such goods from Defendant, but does not wish to have her rights under the Anti-Tying Rule thwarted by Defendants' unlawful warranty terms.

## CLASS ACTION ALLEGATIONS

53. Plaintiff brings this action individually and on behalf of all other similarly situated individuals pursuant to Rules 1702, 1708, and 1709 of the Pennsylvania Rules of Civil Procedure.

54. Plaintiff seeks to certify the following Class: "All persons in Pennsylvania who purchased a product subject to Defendants' warranty within the Class Period."[18]

55. Plaintiff reserves the right to modify or refine the Class definition based upon discovery of new information or in order to accommodate any concerns of the Court.

56. Excluded from the Class are Defendants, Defendants' parents, subsidiaries, affiliates, officers and directors, any entity in which any defendant has a controlling interest, governmental entities, and all judges presiding over this litigation, as well as their immediate family members, and members of the staffs of the judges to whom this case may be assigned.

---

[17] *Id.*

[18] As used herein, and subject to Plaintiff's reservation of rights to amend the class definition, "Class Period" means three years prior to the date of filing of this Complaint, through the date of class certification.

57.     <u>Pa. R. Civ. P. 1702(1), 1708(a)(2)</u>: The Class is so numerous that joinder of its Class Members is impracticable. Upon information and belief, the Class contains thousands of individuals, at least. The precise number can be determined by reference to Defendants' records.

58.     <u>Pa. R. Civ. P. 1702(2), 1708(a)(1)</u>: Plaintiff and each Class Member share numerous common questions of law and fact that will drive the resolution of the litigation and predominate over any individual issues. For example, there is a single common answer to the questions of whether Defendants' acts and practices complained of herein violate Magnuson-Moss, and the appropriate injunctive relief to ensure Defendants no longer illegally condition their warranties on the exclusion of third-party repair. The answers to these questions are the same for Plaintiff and each Class Member, and Plaintiff and each Class Member require the same proof to answer these questions. These questions, and others, predominate over any individual issues.

59.     <u>Pa. R. Civ. P. 1702(3)</u>: Plaintiff's claims are typical of the claims of each Class Member because the claims are based on the same legal theories and arise from the same conduct.

60.     <u>Pa. R. Civ. P. 1702(4), 1709</u>: Plaintiff is an adequate representative of each Class Member because the interests of Plaintiff and each Class Member align. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of each Class Member and has no interest antagonistic to any Class Member. Plaintiff retained counsel who are competent and experienced in the prosecution of class action litigation generally and consumer class actions specifically. Plaintiff has or can acquire adequate financial resources to assure that the interests of each Class Member will not be harmed.

61.     <u>Pa. R. Civ. P. 1708(a)(3), (6), (7)</u>: Given the nature of the issues presented and the relief requested, the expense and time necessary to obtain such relief, and the anticipated recovery and relief that Plaintiff and each Class Member may obtain, the class action mechanism is by far

the preferred and most efficient litigation mechanism to adjudicate the claims of Plaintiff and each Class Member. Additionally, requiring Plaintiff and each Class Member to file individual actions would impose a crushing burden on the court system. Class treatment presents far fewer management difficulties and provides benefits of a single adjudication and economies of scale.

62. <u>Pa. R. Civ. P. 1708(a)(4)</u>: Based on Plaintiff's knowledge and of undersigned counsel, there are no similar cases currently pending in this Court against Defendants.

### **CAUSE OF ACTION**

**FIRST CAUSE OF ACTION**
**Violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.***

63. Plaintiff incorporates the allegations contained in the preceding paragraphs.

64. Plaintiff is a "consumer," as defined in MMWA, 15 U.S.C. § 2301(3).

65. Defendants are "warrantors," as defined in MMWA, 15 U.S.C. § 2301(5).

66. The Warranty is a "written warranty," as defined in MMWA, 15 U.S.C. § 2301(6).

67. The Product is a "consumer product," as defined in MMWA, 15 U.S.C. § 2301(1).

68. Consistent with 15 U.S.C. § 2302(c) and 16 C.F.R. § 700.10, Defendants may not prohibit third-party repair as a condition of the Warranty.

69. Nor may Defendants make statements that lead a reasonable consumer exercising due care to believe the Warranty conditioned coverage on the consumer's use of an article or service identified by brand, trade, or corporate name unless that article or service is provided without charge to the consumer. 16 C.F.R. § 700.10; *see, also* 2015 FTC Final Action at 11.[19]

70. Yet this is precisely what Defendants do, through the conduct complained of herein. This includes their representations that the Warranty "covers manufacturing defects in materials and

---

[19] *See* Note 5, *supra*.

workmanship encountered in normal" use of the product "and shall not apply to the following...use of products, equipment, systems, utilities, services, parts, supplies, accessories, applications, installations, repairs, external wiring or connectors not supplied or authorized by SAMSUNG which damage this product or result in service problems"[20] and that "[w]arranty service can only be performed by a SAMSUNG authorized service center.[21]

71. The FTC has stated, either directly through statute and regulation or through guidance, that such representations violate Magnuson-Moss's Anti-Tying Rule.

72. In 2018, the FTC "sent warning letters to six major companies that market and sell automobiles, cellular devices, and video gaming systems in the United States."[22] The following statements were among the challenged provisions:

- The use of [company name] parts is required to keep your . . . manufacturer's warranties and any extended warranties intact.

- This warranty shall not apply if this product . . . is used with products not sold or licensed by [company name].

- This warranty does not apply if this product . . . has had the warranty seal on the [product] altered, defaced, or removed.[23]

73. The FTC further stated that companies should review promotional materials and representations surrounding their warranties, so as not to create confusion among consumers.[24]

74. Despite the unambiguous requirements of Magnuson-Moss, Defendants continue to represent to their customers both explicitly and implicitly that third-party repair will void the

---

[20] *See,* Paragraphs 35-36, *supra*
[21] *Id.*
[22] FTC, "FTC Staff Warns Companies that It Is Illegal to Condition Warranty Coverage on the Use of Specified Parts or Services," (April 10, 2018) (available at https://www.ftc.gov/news-events/news/press-releases/2018/04/ftc-staff-warns-companies-it-illegal-condition-warranty-coverage-use-specified-parts-or-services).
[23] *Id.*
[24] *Id.*

Warranty. These misrepresentations—which have been in effect for years—lead consumers to believe that their warranties are voided by third-party repairs.

75. Defendants' warranties have harmed and continue to harm Plaintiff and the Class members by depriving them of the warranty benefits guaranteed to them by federal law.

76. As a result of such harm, Plaintiff and Class members are entitled to injunctive relief and corresponding declaratory relief.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that this Court:

a. Certify this case as a class action, appoint Plaintiff as Class representative, and appoint Plaintiff's counsel to represent the Class;

b. Find that Defendants' actions, as described herein, constitute violations of Magnuson-Moss;

c. Enter judgment against Defendants for all injunctive, declaratory, and other equitable relief sought;

d. Award all costs, including experts' fees, attorneys' fees, and the costs of prosecuting this action; and

e. Grant such other legal and equitable relief as the Court may deem appropriate.

Dated: July 26, 2022                          Respectfully submitted,

                                                        */s/ Edwin J. Kilpela, Jr.*
                                                        Edwin J. Kilpela, Jr.
                                                        PA ID # 201595
                                                        Elizabeth Pollock-Avery
                                                        PA ID# 314841
                                                        Kenneth A. Held

15

PA ID # 330442
**LYNCH CARPENTER, LLP**
1133 Penn Ave, 5th Floor
Pittsburgh, Pennsylvania 15222
Tel:     (412) 322-9243
Fax:     (412) 231-0246
ekilpela@lcllp.com
elizabeth@lcllp.com
ken@lcllp.com

Kevin Tucker (He/Him)
PA ID # 312144
Kevin J. Abramowicz (He/Him)
PA ID # 320659
Chandler Steiger (She/Her)
PA ID # 328891
Stephanie Moore (She/Her)
PA ID # 329447
**EAST END TRIAL GROUP LLC**
6901 Lynn Way, Suite 215
Pittsburgh, PA 15208
Tel. (412) 877-5220
ktucker@eastendtrialgroup.com
kabramowicz@eastendtrialgroup.com
csteiger@eastendtrialgroup.com
smoore@eastendtrialgroup.com

*Attorneys for Plaintiff and the Class*

16

**VERIFICATION**

I, Monica Zortea, am fully familiar with the facts set forth in this Complaint. I verify that the averments contained in this Complaint are true and correct to the best of my knowledge, information, and belief. I understand any false statements herein are made subject to the penalties of 18 Pa. C.S. § 4904, relating to unsworn falsification to authorities.

Dated: July 25, 2022

*/s/ Monica Zortea*

Monica Zortea (e-signed with permission)

17

Proof of Service

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

MONICA ZORTEA, individually and
on behalf of all others similarly situated,

   Plaintiff,

 v.

SAMSUNG ELECTRONICS AMERICA, INC.
and SAMSUNG ELECTRONICS CO., LTD.,

   Defendants.

CIVIL DIVISION

Case No. GD-22-009301

**AFFIDAVIT OF SERVICE**

Filed on behalf of Plaintiff

Counsel of Record for this party:

Edwin J. Kilpela, Jr. PA ID #201595
Elizabeth Pollock-Avery PA ID #314841
Kenneth A. Held PA ID #330442
**LYNCH CARPENTER LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Tel: 412.322.9243
Fax: 412.231.0246
ekilpela@lcllp.com
elizabeth@lcllp.com
ken@lcllp.com

**EAST END TRIAL GROUP LLC**
Kevin Tucker (He/Him) PA ID #312144
Kevin J. Abramowicz (He/Him) PA ID #320659
Chandler Steiger (She/Her) PA ID # 328891
Stephanie Moore (She/Her) PA ID #329447
6901 Lynn Way, Suite 215
Pittsburgh, PA 15208
Tel: 412.877.5220
ktucker@eastendtrialgroup.com
kabramowicz@eastendtrialgroup.com
csteiger@eastendtrialgroup.com
smoore@eastendtrialgroup.com

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

MONICA ZORTEA, individually and ) CIVIL DIVISION
on behalf of all others similarly situated, )
) Case No. GD-22-009301
        Plaintiff, )
)
    v. )
)
SAMSUNG ELECTRONICS AMERICA, INC. )
and SAMSUNG ELECTRONICS CO., LTD., )
)
        Defendants )

## AFFIDAVIT OF SERVICE

Before me, the undersigned authority, personally appeared Edwin J. Kilpela, Jr., Esquire,

who being sworn by me according to law deposed and says that he effected service of the Class

Action Complaint in this action on Samsung Electronics America, Inc., on August 12, 2022, via

certified mail, a true and correct copy of the return is attached hereto as Exhibit A.

Respectfully submitted,

Dated: August 26, 2022

_____
Edwin J. Kilpela, Jr.
**LYNCH CARPENTER LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
412.322.9243

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

SAMSUNG ELECTRONICS
    AMERICA, INC.
% CT CORPORATION SYSTEM
330 N. BRAND BLVD. STE 700
GLENDALE, CA 91203

9590 9402 5932 0049 9306 82

2. Article Number (Transfer from service label)

7020 0090 0001 6188 2763

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent ☐ Addressee

B. Received by (Printed Name)     NDS     C. Date of Deliver

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:   ☐ No

AUG 1 2 2022

Delivery Service

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restr/r
   Delivery
☐ Return Receipt for
   Merchandise
☐ Signature Confirmation
☐ Signature Confirmation
   Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053     Domestic Return Receipt

A-070

Docket

# Allegheny County Department Of Court Records

### Civil/Family Division Docket Report

### Run Date and Time: 9/12/2022 - 11:9:25

| | |
|---|---|
| GD-22-009301 | |
| | Zortea vs Samsung Electronics America Inc. etal |

**Filing Date:**

7/26/2022

**Related Cases:**

**Consolidated Cases:**

**Judge:**

No Judge

**Amount In Dispute:**

$ 0

**Case Type:**

Mass Tort - Other

**Court Type:**

General Docket

**Current Status:**

Proof of Service

**Jury Requested:**

N

| --Parties-- | | | | | | |
|---|---|---|---|---|---|---|
| LName | FName | MI | Type | Address | Initial Service Completion | Attorney |
| Samsung Electronics America Inc. | | | Defendant | | -- | -- |
| Samsung Electronics Company Ltd. | | | Defendant | | -- | -- |
| Zortea | Monica | | Plaintiff | | -- | Edwin J. Kipela |

Top

| --Attorney-- | | | | | |
|---|---|---|---|---|---|
| LName | FName | MI | Type | Address | Phone |
| Kipela | Edwin | J. | Attorney | 1133 Penn Avenue 5th Floor Pittsburgh CO 15222 | 4123229243 |

| --Non Litigants-- | | | | | |
|---|---|---|---|---|---|
| LName | FName | MI | Type | Address | Phone |
| No Litigants Found | | | | | |

| --Docket Entries-- |
|---|

A-072

| Filing Date | Docket Type | Docket Text | Filing Party | |
|---|---|---|---|---|
| 8/26/2022 | Proof of Service | | Monica Zortea | |
| 7/26/2022 | Complaint | | Monica Zortea | |

| --Judgments Against-- | | |
|---|---|---|
| Name | Amount | Satisfied(Y,N) |
| No Judgments Found | | |

| --Events Schedule-- | | | |
|---|---|---|---|
| Event Scheduled | Event Date & Time | Room Number | Judge/Hearing Officer |
| No Information Found | | | |

Top

A-073

JS 44 (Rev. 10/20)                **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

Monica Zortea et al.

**DEFENDANTS**

Samsung Electronics America, Inc. and Samsung Electronics Co., Ltd.

**(b)** County of Residence of First Listed Plaintiff     Allegheny
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant     Bergen County, NJ
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

See attached.

Attorneys *(If Known)*

See attached.

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                                          Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☒ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
The original action was filed under 15 U.S.C. Section 2301; we are removing under 28 U.S.C. Section 1332.

Brief description of cause:
Magnuson-Moss Warranty Act Class Action, 15 U.S.C. Section 2301.

**VII. REQUESTED IN COMPLAINT:**   ☒ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.     DEMAND $ _____   CHECK YES only if demanded in complaint:

JURY DEMAND:   ☒ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**   *(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
September 13, 2022

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

A-074

JS 44A REVISED June, **2009**
IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA
THIS CASE DESIGNATION SHEET MUST BE COMPLETED

**PART A**

This case belongs on the ( ◯ Erie    ◯ Johnstown    ⦿ Pittsburgh) calendar.

1. **ERIE CALENDAR -** If cause of action arose in the counties of Crawford, Elk, Erie, Forest, McKean. Venang or Warren, OR any plaintiff or defendant resides in one of said counties.

2. **JOHNSTOWN CALENDAR -** If cause of action arose in the counties of Bedford, Blair, Cambria, Clearfield or Somerset OR any plaintiff or defendant resides in one of said counties.

3. Complete if on **ERIE CALENDAR**: I certify that the cause of action arose in_____ County and that the _____ resides in _____ County.

4. Complete if on **JOHNSTOWN CALENDAR**:  I certify that the cause of action arose in _____ County and that the_____ resides in _____ County.

**PART B** (You are to check ONE of the following)

1. ◯ This case is related to Number_____ . Short Caption_____._____

2. ⦿ This case is not related to a pending or terminated case.

DEFINlTIONS OF RELATED CASES:

CIVIL:  Civil cases are deemed related when a case filed relates to property included in another suit or involves the same issues of fact or it grows out of the same transactions as another suit or involves the validity or infringement of a patent involved in another suit EMINENT DOMAIN:  Cases in contiguous closely located groups and in common ownership groups which will lend themselves to consolidation for trial shall be deemed related. HABEAS CORPUS & CIVIL RIGHTS:  All habeas corpus petitions filed by the same individual shall be deemed related. All pro se Civil Rights actions by the same individual shall be deemed related.

**PARTC**

I. CIVIL CATEGORY (Select the applicable category).

1. ◯   Antitrust and Securities Act Cases
2. ◯   Labor-Management Relations
3. ◯   Habeas corpus
4. ◯   Civil Rights
5. ◯   Patent, Copyright, and Trademark
6. ◯   Eminent  Domain
7. ⦿   All  other federal question cases
8. ◯   All  personal  and property damage tort cases,  including  maritime,  FELA, Jones Act, Motor vehicle, products liability, assault, defamation,  malicious prosecution, and false arrest
9. ◯   Insurance indemnity, contract and other diversity cases.
10. ◯  Government Collection Cases (shall include HEW Student Loans (Education), V A  0verpayment, Overpayment of Social Security, Enlistment Overpayment (Army, Navy, etc.),  HUD Loans, GAO Loans (Misc. Types), Mortgage Foreclosures, SBA Loans, Civil Penalties and Coal Mine Penalty and Reclamation Fees.)

I certify that to the best of my knowledge the entries on this Case Designation Sheet are true and correct

Date: 9/13/2022 _____         _____
                                                        ATTORNEY AT LAW

NOTE: ALL SECTIONS OF BOTH FORMS MUST BE COMPLETED BEFORE CASE CAN BE PROCESSED.

A-075

<u>CIVIL COVER SHEET ATTACHMENT</u>

I.(c)

**Plaintiffs Attorneys**

Edwin J. Kilpela, Jr. PA ID # 201595
Elizabeth Pollock-Avery
PA ID# 314841
Kenneth A. Held PA ID # 330442
LYNCH CARPENTER, LLP
1133 Penn Ave, 5th Floor
Pittsburgh, Pennsylvania 15222
Tel: (412) 322-9243
Fax: (412) 231-0246
ekilpela@lcllp.com
elizabeth@lcllp.com
ken@lcllp.com

EAST END TRIAL GROUP LLC
Kevin Tucker (He/Him) PA ID # 312144
Kevin J. Abramowicz (He/Him)
PA ID # 320659
Chandler Steiger (She/Her) PA ID # 328891
Stephanie Moore (She/Her) PA ID # 329447
6901 Lynn Way, Suite 215
Pittsburgh, PA 15208
Tel. (412) 877-5220
ktucker@eastendtrialgroup.com
kabramowicz@eastendtrialgroup.com
csteiger@eastendtrialgroup.com
smoore@eastendtrialgroup.com

**Defendants Attorneys**

Michael A. Comber
PA ID No. 81951
S. Wesley Gorman
PA ID No. 325565
REISINGER COMBER & MILLER, LLC
300 Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
412-894-1380
412-291-2109 (fax)
mcomber@reisingercomber.com
wgorman@reisingercomber.com

Thomas R. Waskom
(Admission Pending)
HUNTON ANDREWS KURTH LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
Telephone: (804) 788-8200
Facsimile: (804) 788-8218
E-mail: twaskom@HuntonAK.com

Ryan P. Phair
(*Pro Hac Vice* Application Forthcoming)
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue NW
Washington, DC 20037
Telephone: (202) 955-1500
Facsimile: (202) 778-2201
E-mail: rphair@HuntonAK.com